# CASEY et ux. v. ST. LOUIS TRANSIT COMPANY, Appellant.

**In Banc, July 2, 1907.**

1. **NEGLIGENCE: Killing Minor: $4,500 Stated as Damages.** Plaintiffs cannot avail themselves of the right of action given by section 2864, Revised Statutes 1899, for the negligent killing of their minor son and at the same time by their petition limit their recovery to an amount less than the sum of $5,000 which that section specifies the defendant "shall forfeit and pay for every person or passenger so dying." [Disapproving Marsh v. Railroad, 104 Mo. App. 577, and approving Casey v. Transit Co., 116 Mo. App. 235.]

2. ————: **Different Statutes: Election: Amount of Recovery.** For a death resulting from the negligence of the particular character specified in section 2864, Revised Statutes 1899, the aggrieved plaintiffs cannot elect to sue under that section or under sections 2865 and 2866. The right of action given by section 2864 is for a death caused by the negligence of the servant operating the defendant's instrument of transportation, whether it be a locomotive, car, steamboat, its machinery, stage coach or other public conveyance; while the right of action given in sections

2865 and 2866 is for a death caused by the negligence of defendant, which may mean his own negligence, as, for instance, in furnishing an unsafe vehicle, or it may mean his negligence through his servant in some particular other than the particulars specified in section 2864, for which if the person injured had not died he would have had a right of action. These are purely statutory rights of action, and each must rest on its own statute.

3. ———: ———: ———: Pleading. The rights of action under the different statutes may be joined in the same petition, but they should be stated in different counts. It is not proper to join in the same count negligence on the part of defendant's servants in their management of the car which struck and killed plaintiff's minor son, and negligence on the part of defendant corporation in the matter of the equipment of the car.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, Geo. W. Easley, Glendy B. Arnold* and *Geo. T. Priest* for appellant.

*H. A. Yonge, Ernest E. Wood* and *Brown, Harding & Brown* for appellant.

VALLIANT, J.—Plaintiffs' minor son was struck and killed by a street car of defendant and they bring this suit to recover damages.

The petition charges negligence on the part of defendant's servants in their management of the car and also negligence on the part of defendant corporation in the matter of equipment of the car. These different alleged acts of negligence were all embraced in one count. The petition concluded with a statement that in the death of their child they were damaged in the sum of four thousand five hundred dollars, for which sum they asked judgment. At the trial there was evidence tending to sustain the charge of negligence on the part of the servants, but none of negligence on the part of the corporation itself, and the instructions given at the request of the plaintiffs were predicated on the former

and not on the latter. The court instructed the jury that if they should find for the plaintiffs they should assess their damages at four thousand five hundred dollars. There was a verdict for the plaintiffs for that sum, and judgment accordingly. The defendant appealed to the St. Louis Court of Appeals where the judgment was reversed and the cause remanded, but the judges of that court deeming the decision in conflict with a decision of the Kansas City Court of Appeals, the cause was certified to this court.

The vital question in the case is, can the plaintiffs avail themselves of the right of action given in section 2864, Revised Statutes 1899, and yet by their petition limit their recovery to an amount less than the sum of five thousand dollars, which that section specifies that the defendant "shall forfeit and pay for every person or passenger so dying?" The question is one of more than private personal interest to the parties to this suit, because it involves the question of the right of the plaintiff in such a suit to choose between the Court of Appeals and the Supreme Court to which an appeal in the case may be taken.

This question has recently been before our Kansas City Court of Appeals where the answer was Yes. [Marsh v. Railroad, 104 Mo. App. 577.] And it was before our St. Louis Court of Appeals in this case where the answer was No. [Casey v. Railroad, 116 Mo. App. 235.]

The two opinions in those cases leave nothing to be said on either side of the question. We have duly considered both of those opinions and have reached the conclusion that the St. Louis Court of Appeals had the right conception of the law; therefore what is said in the learned opinion of that court speaking through NORTONI, J., on this question (Casey v. Railroad, 116 Mo. App. 235) is adopted as the opinion of this court.

We do not quite agree however with the learned

judge in the following expression which is found on page 261 of the opinion: ''A party aggrieved by the wrongful death, strictly under the penal section, can, if he sees fit, sue for and recover under the third and fourth sections as well as under the penal section and his recovery would be not exceeding five thousand dollars as might be fair and just.''

If that language is intended to mean that for a death resulting from negligence of the particular character specified in section 2864, the plaintiffs aggrieved may elect to sue either under that section or under sections 2865 and 2866, we do not give it our concurrence.

The right of action given under section 2864 is not that given under sections 2865 and 2866, and that given under the two last-named sections is not that given under the former. These are purely statutory rights of action and each must rest on its own statute. They may be joined in the same petition, but when so they should be stated in separate counts. The right of action given in section 2864 is for a death caused by the negligence of the servant operating the defendant's instrument of transportation, whether it be a locomotive, car, train of cars, steamboat, its machinery, stage coach or other public conveyance, while the right of action given in the two sections next following is for a death caused by the negligence of the defendant, which may mean his own negligence, as for instance, in furnishing an unsafe vehicle, or it may mean his negligence through his servant in some particular other than the particular specified in section 2864, for which if the person injured had not died he would have had a right of action.

In this case the plaintiffs have attempted to unite in one count a cause of action under section 2864 and one under 2865 and 2866.

The petition, aiming to state a cause of action under section 2864, is defective for the reason that it fails

Casey v. Transit Co.

to sue for the penalty in that section prescribed, therefore the judgment attempted to be bottomed on that section must be reversed.

But although the petition is defective in the particular above pointed out, yet it cannot be said that it states no cause of action at all under section 2864, because the facts stated would constitute a cause of action if the purpose of the suit was to recover the penalty prescribed in that section. Under the peculiar circumstances of this case we think that justice demands that the plaintiffs be given an opportunity to amend their petition in this particular, if they see fit to do so, and have a new trial of their cause. The mistake they made in attempting to substitute a measure of damages of their own choice for the penalty prescribed by the statute was a very natural one because they took the course that a court of high authority in this State had said they had a right to take.

The judgment is reversed and the cause remanded to the circuit court to be proceeded with according to the law as above expressed. All concur.