KING, Respondent, v. ST. LOUIS & SAN FRANCISCO
RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 14, 1908.

1. **DAMAGES: Death Claim: Negligence in Operating Train.**
In an action for damages on account of the death of the
plaintiff's husband, caused by acts of negligence on the part of
the defendant described in section 2864, Revised Statutes 1899,
the recovery if any must be for the full penalty of $5,000 pro-
vided in that section, and cannot be for some other amount not
exceeding the penalty as provided in sections 2865 and 2866.

2. ———: ———: ———. Where a petition, in one count, in
a death claim, alleges acts of negligence falling within the
provisions of section 2864 and likewise acts of negligence fall-
ing within the provisions of section 2865, and the case is tried
on the theory that the death was caused by negligence coming
within the former section, the recovery should be for $5,000 or
nothing.

Appeal from Webster Circuit Court.—*Hon. Argus Cox,*
Judge.

REVERSED AND REMANDED.

*L. F. Parker, W. F. Evans* and *W. J. Orr* for
appellant.

(1) Instruction number two is erroneous in that
it permitted a recovery under section 2865 of the damage
act, while the acts complained of, the proofs and in-
structions, brought the case under section 2864, if there
was any liability at all, which we deny. Gormley v.
Transit Co., 103 S. W. 1147; Casey v. Railroad, 103 S.
W. 1146; Rafferty v. Railroad, 15 Mo. App. 559; Becke
v. Railroad, 102 Mo. 544; Miller v. Railroad, 109 Mo.
350; Rinard v. Railroad, 164 Mo. 270; Senn v. Railroad,
135 Mo. 513; Lynch v. Railway, 112 Mo. 420; Crump-
ley v. Railroad, 98 Mo. 342. (2) The court erred in
refusing to direct a verdict for appellant on the undis-
puted evidence, or to sustain the demurrer interposed at
the close of respondent's testimony, and again at the

close of all the testimony. While these rulings are preserved separately in the record, they present but a single question here. Loring v. Railroad, 128 Mo. 349; Aerkfetz v. Humphreys, 145 U. S. 418; Elliott v. Railroad, 150 U. S. 245; Fore v. Railroad, 114 Mo. App. 551, 89 S. W. 1034; Davis v. Railroad, 129 Mo. 1; Sharp v. Railroad, 161 Mo. 214; Zumwalt v. Railroad, 175 Mo. 288; Evans v. Railroad, 178 Mo. 509. (3) Instruction number one, given on the part of respondent, is clearly erroneous under the pleadings and the proof. Duerst v. Railroad, 163 Mo. 607; Allen v. Transit Co., 81 S. W. 1142; Lesser v. Railroad, 85 Mo. App. 326.

*A. H. Wear, Samuel N. Dickey* and *J. T. White* for respondent.

(1) The petition alleges acts of negligence mentioned in section 2864, and also acts of negligence for which suit could be brought only under section 2865. Evidence was offered upon both. In that case it would have been error to instruct the jury to render a verdict for $5,000 or nothing. Culbertson v. Railroad, 140 Mo. 63; Crumpley v. Railroad, 98 Mo. 38; King v. Railroad, 98 Mo. 239; Bohn v. Railroad, 106 Mo. 429; Anderson v. Railroad, 196 Mo. 465; Callahan v. Bridge Co., 170 Mo. 482. (2) The failure of the defendant to have rules regulating the coupling of cars across the roadway, the failure to instruct the deceased with reference to the manner of coupling cars across the roadway, the failure to have a switchman or a flagman there, the failure to warn the deceased that a coupling was about to be made in time to prevent his injury, the failure to have any device or plan or method of warning employees of approaching trains at that point and the driving of the cars with unnecessary force across the roadway, were acts of negligence, to prove each and all of which there was substantial evidence sufficient to make out a

prima-facie case for the jury.    Browning v. Kasten, 107 Mo. App. 59; Deweese v. Mining Co., 54 Mo. App. 476; Dowling v. Allen & Co., 6 Mo. App. 195; Chambers v. Chester, 172 Mo. 461; Reagan v. Railway, 93 Mo. 348; Rutledge v. Railway, 110 Mo. 312; Rutledge v. Railway, 123 Mo. 121; Schroeder v. Railroad, 108 Mo. 328.

GOODE, J.—Plaintiff, as the widow of W. C. King, obtained judgment against defendant for $4,000 for the death of her husband, alleged to have been caused by defendant's negligence.    Aside from the proposition that it conclusively appeared the deceased contributed to his death by his own negligence, the main contention of the defendant in favor of a reversal of the judgment, is an instruction on the measure of damages, permitting the jury if they found the issues for plaintiff, to return a verdict for such damages as they believed to be fair and just, not exceeding $5,000.    The petition is said to declare on section 2864 (R. S. 1899).    It was held by the Supreme Court in Casey v. Transit Co., 205 Mo. 721, 103 S. W. 1146, that when the facts of an action for damages for a death negligently caused, ranged the case under section 2864 of the statutes, a verdict for the plaintiff must assess the damages at the full statutory penalty, to-wit, $5,000; as otherwise the defendant would be deprived of the right to appeal to said court, which said section intends it shall enjoy.    It is true this statute has been amended so as to provide both a minimum and a maximum penalty; but the present cause accrued prior to the amendment.    In the Casey case, which was certified from this court to the Supreme Court, the latter tribunal ruled in opposition to the opinion of this one, that if the negligence which caused the death is of the character described in section 2864, an action for damages will not lie under sections 2865 and 2866; but must be founded on section 2864.    In other words, the recovery must be for the full penalty in-

stead of for an amount not exceeding the penaalty as section 2866 provides it may be in an action founded on section 2865. This was a determination of the very point at issue, but two arguments are advanced by plaintiff's counsel to show it should not occasion a reversal of the present judgment. The first is that the petition specifies acts of negligence not within the scope of section 2864, and as it cannot be known what negligence the jury found the defendant guilty of, it should be presumed, in support of the judgment, they found against defendant on one of the acts of negligence stated in the petition which does not fall within the scope of section 2864. Said section, in so far as it gives the right of action against a railroad company for a death caused by its negligence, confines the right to instances in which the injury resulted from, or was occasioned by, the negligence, unskilfulness or criminal intent of an officer, agent or employee, "whilst running, conducting or managing any locomotive, car or 'train of cars." Plaintiff's petition avers a negligent failure to provide regulations for the management of cars at the place where the accident occurred so as to protect employees; failure to give warning to the deceased, who was pinioned and killed between cars which were being coupled, that a coupling was about to be made; failing to instruct the plaintiff of the danger of passing along the walk where the accident happened though many trains stood and were moved about there, and failing to have any appliances or system to give warning when couplings were about to be made. Those averments are said by plaintiff's counsel, to show the petition counts on other negligence besides such as occurred in moving the train that killed the deceased, which would be the only negligence covered by section 2864. We think the petition shows the gravamen of the cause of action stated, was negligence in running, managing and conducting the locomotive and train of cars, and that the case was

tried both by counsel and court, on the theory that plaintiff based her right to recover on such negligence, but was entitled to recover any sum the jury might see fit to award, not exceeding $5,000. This conclusion is derived both from the form of the petition and the instructions. There are averments in the petition which show section 2864 is the basis of the action. All the averments are in a single count or paragraph, and there is no attempt to state two separate causes of action, one founded on section 2864 and one on section 2865, as might be done in separate counts. [Casey v. Transit Co., 205 Mo. 721, 103 S. W. 1146.]

Turning to the instructions on which the case was submitted to the jury, we find plaintiff's counsel requested the submission of only one specification of negligence, namely; that deceased was killed by the backing of a car against him. This instruction advised the jury, if they believed the accident occurred in said manner, and was caused by the negligence of defendant or any of its employees in running and operating a locomotive or train, and believed the deceased was at the time in the exercise of ordinary care, the issue should be found for plaintiff. The court appended to said instruction the further clause that it was the duty of the employees of defendant, in backing cars over the crossing where deceased was killed, to use ordinary care to prevent injury to any one who might be walking along the crossing; and if the jury believed the employees of defendant backed the cars over the crossing so as to endanger the deceased, without having warned him, this would constitute negligence on the part of defendant. Taking the instructions and the petition together, there can be no doubt this case counts on section 2864, and was so understood by counsel and court. Hence the instruction on the measure of damages allowing the jury to award any amount they deemed just and fair, not to exceed $5,000, was erroneous.

Again it is said in support of the judgment, that defendant's counsel, by trying the case as if a cause of action was stated on section 2865 as well as on 2864, waived the right to insist on error in the instruction on the measure of damages. We find nothing in the record to support this position. All the instructions requested by defendant related to whether such a warning was given the deceased of an impending coupling as would have induced a man of average prudence to refrain from going between the cars which were to be coupled. In other words, these instructions dealt with the issue of negligence in making the coupling; that is, in operating the train. Moreover, as the only negligence submitted related to the handling of the cars by defendant's servants, which was negligence falling within section 2864, we do not see how counsel for defendant could have waived the objection to permitting a recovery under section 2865, except by acquiescing in the instruction on the measure of damages, but counsel saved an exception to said charge.

The judgment is reversed and the cause remanded. All concur.