R. S. CROHN, Administrator, Etc., Respondent, v. THE KANSAS CITY HOME TELEPHONE COMPANY, Appellant.

### Kansas City Court of Appeals, June 8, 1908.

1. **DAMAGES: Death Loss: Administrator: Statutory Construction.** While a legislative interpretation of a statute is not conclusive upon the courts, it should be given weight in ascertaining the intention of the Legislature and the applicability of amendments to existing statutes.

2. **——: ——: ——: ——.** That part of section 2864, Revised Statutes 1899, relating to parties and procedure became by adoption an integral part of section 2866 to the same extent as though it had been written in the latter section and neither a subsequent amendment or appeal of the former section could affect the latter. *Held*, further, there is a difference between the causes of action created in sections 2864 and 2865, the former being penal as well as remedial and the latter compensatory, and that prior to the amendment of 1907 an administrator could not maintain an action for the negligent killing of his decedent. [History of the sections reviewed.]

3. **TRIAL PRACTICE: Pleading: Demurrer: Objection to Evidence.** Where the petition states no cause of action the objection is timely when made for the first time at the trial, and the failure to demur does not waive the defect in the petition.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED.

*Ward, Hadley & Neel* for appellant.

(1) The trial court erred in overruling the objection of defendant, the Kansas City Home Telephone

Company, to the introduction of any evidence, for the reason that plaintiff's petition did not state facts sufficient to constitute a cause of action.

*Laughlin & Kenworthy* for respondent.

(1) If the objection to the legal capacity of plaintiff to sue as an administrator is not made by demurrer it is waived. Gregory v. McCormack, 120 Mo. 537; Fuggle v. Hobbs, 42 Mo. 537; Clark v. Lopp, 80 Mo. App. 542; Sommer v. Bank, 108 Mo. App. 490.  (2) This cause of action is brought under sections 2864, 2865 and 2866 of the Revised Statutes of 1899, as amended by laws of 1905, page 135.  Defendant claims that these sections are distinct and independent provisions of law, having no more relation to each other than exists between separate and foreign acts or statutes, and an amendment of section 2864 cannot be construed as affecting the rights of parties arising under causes of action created by any other section of the act.  McGinnis v. Car & Foundry Co., 174 Mo. 232; Epperson v. Insurance Co., 90 Mo. App. 438; People v. Sweetser, 1 Dak. 295; Blocks Interpretation of Laws, sec. 131; Conrad v. Nall, 34 Mich. 225; Nichols v. Insurance Co., 176 Mo. 375; Kamerick v. Castleman, 21 Mo. App. 590; Railroad v. Anderson, 48 Ill. App. 130; Dowdy v. Wamble, 110 Mo. 280; Marsh v. Railway, 104 Mo. App. 577.

JOHNSON, J.—This action was brought by the administrator of the estate of John L. Simpson, deceased, against the Metropolitan Street Railway Company and the Kansas City Home Telephone Company to recover damages in the sum of five thousand dollars, alleged to have been caused by the negligence of both defendants.  At the conclusion of the evidence, the street railway company was dismissed and the issues relating to the alleged negligence of the remaining defendant were submitted to the jury.  A verdict was re-

turned for plaintiff in the sum of two thousand dollars and defendant telephone company appealed from the judgment entered thereon.

· It appears from the evidence that Simpson, who was an unmarried man thirty-four years old, was a laborer employed by the railway company in the construction of an electric railway from Kansas City to Dodson. On the 18th day of May, 1906, he was riding to his work on the construction train and was seated with a number of his fellow-laborers on top of a box car. He arose from his position and walked along the running-board to join another company of laborers who were seated on top of another car. While thus proceeding and while the car was crossing a public highway, he was struck by a telephone wire which the telephone company had strung across the street sometime before, and was thrown from the car and killed. It was shown that the wire which, when the telephone line was constructed, had been placed at a height of over twenty-two feet above the track, had sagged in the middle and thus become reduced to an elevation above the track of only about sixteen feet, three inches, so low that a person standing on a box car could not pass under it. It had been strung less than a month before and the specific charge of negligence against the telephone company alleged in the petition is that said defendant "was careless and negligent in erecting and maintaining said wire across said track at such a height that a person standing upright on a stock or box car would not clear the wire." No demurrer was offered to the petition but an answer was filed which tendered the general issue and several affirmative defenses. It did not allege that plaintiff was without legal capacity to sue. At the trial, defendant objected to the introduction of any evidence on the grounds that "the petition does not allege facts sufficient to constitute a cause of action," and "does not allege facts sufficient to show

any right of action in R. S. Crohn, administrator of the estate of J. L. Simpson." The objection was overruled, evidently on the ground that the facts alleged do constitute a cause of action in favor of the administrator.

We now are confronted with the question, argued with great learning and ability by counsel of both parties, whether the statute in force at the time of the occurrence conferred a cause of action which may be enforced by the legal representative of the estate. Plaintiff objects to the consideration of this question for the reason that, in failing to raise, either by demurrer or in the answer, the question of his legal capacity to sue, defendant waived the point. We shall postpone the discussion of this objection until after the expression of our views on the subject of whether a cause of action existed at any time which might be enforced by the administrator.

The common law gives plaintiff no cause of action and if one exists, it must be found in the statutory law. Plaintiff contends that his cause is founded on the provisions of section 2864, Revised Statutes 1899, as amended in 1905 (Acts of 1905, page 135) and sections 2865-2866, Revised Statutes 1899. Counsel for defendant argue that the wrong alleged, and which for present purposes we shall treat as proved, does not fall within the class for which a remedy was provided in section 2864, but belongs to another class for which sections 2865-2866 afford a remedy to certain relatives of the deceased, but none in favor of the administrator of his estate. Further, they say that, as the amendment of section 2864 in 1905 was not expressly made applicable to causes not embraced in that section, it cannot be extended by implication to such causes and, consequently, cannot be construed as an amendment of section 2866. The conclusion from these premises is that since the wrong alleged is not one for which an action may be prosecuted under section 2864 as amended, and

since, for a wrong of that nature no cause inures in favor of the administrator under the provisions of section 2866, plaintiff is remediless and the action must fail.

Sections 2864, 2865 and 2866 first appear in the statutes of 1855, and the last two sections were carried down to 1907 without substantial amendment. Section 2864 as originally enacted (Revised Statutes 1855, page 647, section 2) gave a right of action for a death caused by the negligence of a servant operating an instrument of transportation, such right to inure to no other persons than those included in the following classes: First, the husband or wife of the deceased. Second, "If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased. Or, third, if such deceased be a minor and unmarried, then by the father or mother who may join in the suit and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor." The remedy provided was a penalty of five thousand dollars. By amendment of this section in 1885 (Session Acts, page 153), adopted children were added to the second class of beneficiaries. In 1905, other amendments were made, among them one which invested the jury with the discretion, in case they found for plaintiff, of giving him a verdict in any amount they might choose within the limits of two thousand dollars and ten thousand dollars; and another which provided: "If there be no husband, wife, minor child or minor children, natural born or adopted as hereinbefore indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent." (Laws 1905, p. 135.)

In 1907 (Session Acts, page 252), section 2866 was

amended to permit damages accruing under section 2865 to be "sued for and recovered by the same parties in the same manner as provided in section 2864 as amended by the laws of 1905, page 135" and by providing that "in every such action, the jury may give such damages not exceeding $10,000 as they may deem fair and just," etc. As this amendment was made after the death in the present case which, as stated, occurred May 18, 1906, it has no direct effect on the rights of the parties but its consideration is of some importance for two reasons: First, in the amendment of section 2864 in 1905, and in that of section 2866 in 1907, the Legislature clearly expressed the purpose of providing for the recovery of a penalty against the tort feasor in an action falling within the scope of section 2864 and providing only for the recovery of compensatory damages in actions prosecuted under sections 2865 and 2866; and, second, by the amendment of section 2866, the Legislature evidently construed the amendment of section 2864 in 1905, as not applicable to causes other than those coming within its provisions and, therefore, that an action brought under sections 2865 and 2866 could not be maintained by the administrator of the estate of the deceased. We do not treat this legislative interpretation as conclusive, but it should be given weight in the determination of the all important question of whether the Legislature which adopted the amendment of section 2864, by a reasonable construction of that act, should be said to have expressed the intent of making that amendment applicable to actions necessarily founded on sections 2865 and 2866 and which do not belong to the class of torts defined in section 2864. Should we find the expression of such intent, we must conclude that plaintiff is entitled to recover. But should we reach the opposite conclusion, it is clear the action must fail, since it is based on a tort for which no remedy is afforded by section 2864.

The wrong alleged and proved is that of negligently maintaining an obstruction across a public highway. The only right of action given by section 2864 is "for a death caused by the negligence of the servant operating the defendant's instrument of transportation, whether it be a locomotive, car, train of cars, steamboat, its machinery, stage coach, or other public conveyance." [Casey v. Transit Co., 103 S. W. 1146, 205 Mo. 721.]

Thus, having before us a wrong for which section 2864 made no provision, and which had been placed by statute in a class entirely separate and distinct, both as to the nature of the resultant right and the character of the remedy, we think the accepted rules of statutory interpretation compel us to hold that the amendment of section 2864, in the absence of express declaration contained therein, should not be extended to include the succeeding sections within its operation and that, prior to the amendment of section 2866 in 1907, no cause of action could inure in a death case to the administrator. That the causes of action which were made the subjects of sections 2864 and 2865 are and always have been different in character is definitely decided in Casey v. Transit Company, 116 Mo. App. 235, where it is said: "The right of action given under section 2864 is not that given under sections 2865 and 2866, and that given under the two last named sections is not that given under the former. These are purely statutory rights of action and each must rest on its own statute. They may be joined in the same petition, but when so they should be stated in separate counts. The right of action given in section 2864 is for a death caused by the negligence of the servant operating the defendant's instrument of transportation, whether it be a locomotive, car, train of cars, steamboat, its machinery, stage coach, or other public conveyance, while the right of action given in the two sections next following is for a death caused by the negligence of the defendant,

which may mean his own negligence as, for instance, in furnishing an unsafe vehicle, or it may mean his negligence through his servant in some particular other than the particular specified in section 2864, for which if the person injured had not died he would have had a right of action." And that the remedies before as well as after the amendment of 1905 were and are fundamentally different, was determined by the Supreme Court in the case from which we have just quoted. That court adopted the opinion of the St. Louis Court of Appeals in the same case (Casey v. Transit Co., 116 Mo. App. 235), where it was held that the remedy provided by section 2864 is highly penal as well as remedial. Being of such nature, it differs not only in purpose but in the rules and principles of construction and application from a remedy purely compensatory to the injured individual, such as that provided in section 2866.

In referring to section 2864 for a statement of the parties to whom a cause of action might inure and for rules of procedure, section 2866 (then section 4, page 647, Revised Statutes 1855) adopted the statute to which it referred in its then existing state and, by failing to declare that subsequent amendments or modifications of that statute should apply also to the referring statute, such amendments or modifications should not be held to have been intended to extend to the referring statute in the absence of an express declaration to that effect. In Endlich on Interpretation of Statutes, section 85, it is said: "An act adopting by reference the whole or a portion of another statute, means the law as existing at the time of adoption and does not adopt any subsequent addition thereto or modification thereof." This rule is generally recognized. [Sutherland on Statutory Construction, section 257; 26 Am. and Eng. Ency. of Law (2 Ed.), 714; Postal Tel. Co. v. Railroad, 89 Fed. 190; Jones v. Dexter, 8 Fla. 276; Culver v. People, 161 Ill. 96; 43 N. E. 812; Darmstaeter

v. Maloney, 45 Mich. 621, 8 N. W. R. 574; Matter of Main Street, 98 N. Y. 454; Commonwealth v. Kendall, 144 Mass. 357; Gaston v. Lamkin, 115 Mo. 20.] Further it is said by the same author (section 492) : "Where the provisions of a statute are incorporated by reference in another (where one statute refers to another for the powers given or rules of procedure prescribed by the former, the statute or provision referred to or incorporated becomes a part of the referring or incorporating statute; and if the earlier statute is afterwards repealed, the provisions so incorporated, the powers given, or rules of procedure prescribed by the incorporated statute, obviously continue in force, so far as they form part of the second enactment." To the same effect is Gaston v. Lamkin, 115 Mo. 20, where the Supreme Court of this State said : "The general rule governing in such cases seems to be that where one statute refers to another for rules of procedure prescribed by the former, the former statute, if specifically referred to becomes a part of the referring statute, and the rules of procedure prescribed by the earlier statute so far as they form a part of the second enactment, continue in force, although the earlier statute be afterwards modified or repealed."

Under these rules, that part of section 2864 relating to parties and procedure became by adoption an integral part of section 2866 to the same extent as though it had been written into the latter statute and neither a subsequent amendment nor repeal of section 2864 could affect the referring section. But, it is argued by plaintiff that since the three sections were component parts of the same act, these rules of interpretation do not obtain and we are pointed to the rule stated in McGinnis v. Car & Foundry Co., 174 Mo. 225, 232, that "when, therefore, a statute creates a liability and prescribes the person who shall have the right to enforce it,

the two parts of the statute are component parts of the whole and both are necessary to constitute the whole." That principle might aid plaintiff if the cause of action in the present case depended for its existence on section 2864, and the succeeding sections dealt only with the subjects of the remedy, parties or procedure. But, as we have shown, the right of action for a wrong of the character of that before us is created by section 2865 and is independent of the preceding section. Can it be doubted, if the Legislature, instead of amending section 2864 had repealed it, the right of the wife or children of the decedent (had he left such survivors), to an action against defendant, nevertheless would have remained unimpaired? We think such survivors would have been entitled to recover their damages on the theory that when once incorporated by adoption into the statute which created the right, the borrowed portion of the preceding statute could be amended or repealed, in its relation to the adopting statute, only by an express declaration of the Legislature to that effect and such amendment or repeal should not be implied from legislative action which professed to deal only with the statute to which reference was made.

These considerations lead to the conclusion that no cause of action exists in favor of the plaintiff administrator.

There is no merit in the contention that defendant waived any right by failing to demur to the petition and by answering to the merits. The question we have decided goes to the cause of action asserted and the objection that the petition does not state a cause of action is timely when made for the first time at the trial. This is not an error that could be cured by verdict. The judgment is reversed. *Broaddus, P. J.,* concurs; *Ellison, J.,* not sitting.