## EUNICE E. MATHEWS v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Division One, December 23, 1910.

**APPELLATE JURISDICTION:** Verdict for $4500 Under Old Damage Act. Where plaintiff sued for $5000 under the penal section of the old Damage Act, for the negligent killing of her husband, and obtained a judgment for $4500, defendant's appeal is to the Court of Appeals, and that court is not authorized to transfer the cause to the Supreme Court on the theory that the amount in dispute is $5000, even though the Supreme Court has held that the amount that could be recovered in such a suit under that act is $5000, no more and no less. The judgment is erroneous in that it was entered for less than it should have been, but that does not alter the fact that the amount in dispute (the amount for which the judgment could have been settled at the time defendant appealed) was $4500.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

GRAVES, J.—Plaintiff, the widow of George Mathews, deceased, brought suit in the Jackson County Circuit Court, against the defendant, for the alleged wrongful killing of her husband. The petition details the several alleged acts of negligence, but contains no allegation that the plaintiff was damaged by such alleged negligence further than the statement in the prayer of

the petition, which reads: "Wherefore, the plaintiff prays judgment against defendant for the sum of five thousand dollars and costs of this suit."

Upon trial in the circuit court, the plaintiff obtained judgment for only $4500, and from this judgment the defendant appealed to the Kansas City Court of Appeals, and that court has certified the cause here by its certificate and judgment couched in language, as follows: "Now at this day this cause coming on to be heard and the court being fully advised of and concerning the premises, doth consider and adjudge that on account of said cause being a controversy in which not less than $5000 is involved this court is without jurisdiction and therefore orders said cause certified to the Supreme Court for its determination."

The question is, does this court have jurisdiction under the facts? At the time the cause was certified here the case was within our jurisdiction, if in fact $5000 was involved, as stated in the certificate from the Court of Appeals, and we shall discuss the case upon that theory without regard to what effect, if any, the Acts of 1909, with reference to the jurisdiction of appellate courts, may have upon the question. Whether or not this late act would in any way affect the question we leave open.

It will be noticed that the sole ground upon which the cause was certified here is the amount involved. The Court of Appeals says the amount involved is $5000, but does the record in the case bear out this statement? The judgment was one for only $4500, and we have always held in suits based upon a tort that where the matter of difference between the litigants has been merged into a money judgment against the defendant and he appeals, then the amount of the judgment appealed from at the date of its rendition fixed the appellate jurisdiction. [Schwyhart v. Barrett, 223 Mo. l. c. 501; State ex rel. v. Broaddus, 212 Mo. 685;

Hensler v. Stix, 185 Mo. l. c. 239, and the cases therein cited.]

In the Schwyhart case, supra, we said: ''If a plaintiff brings suit for damages and states in his petition the amount for which he sues, if he is cast in his suit and appeals, we go back to the petition and say that the amount there claimed is the amount in dispute. If the plaintiff should in such case recover judgment for a certain amount and the defendant appeals, the amount then in dispute is the amount of the judgment. The date of the dispute in the one case is that of the filing of the petition; in the other, it is that of the rendition of the judgment, and in either case the amount in dispute is the amount for which the dispute could at that date have been settled. If not settled then and interest is added, it is added by operation of law, not as a part of the amount in dispute, but as a consequence of withholding it. Interest in such case is a mere incident, a mere sequence.''

It could be surmised that the Court of Appeals examined the petition and the prayer above quoted, and reached the conclusion that the plaintiff had instituted her suit under the old penal section of the Damage Act, under which section we have held that there could be a recovery of five thousand dollars—no more and no less. [Casey v. Railroad, 205 Mo. 721.]

But if such was the construction given the petition by the Court of Appeals, and it evidently was, yet that is not the question here. Under this record the only amount involved is the amount of the money judgment. If the trial court entered an erroneous judgment for $4500, when it should have been $5000—no more and no less—under the pleading of the plaintiff, such did not oust the jurisdiction of the Court of Appeals. The amount of the erroneous judgment fixed the jurisdiction on appeal in the Kansas City Court of Appeals. If that court reached the conclusion that the petition was

one seeking to recover the penalty given by the penal clause of the old Damage Act, then it should have assumed jurisdiction and said that the judgment was erroneous, and made such further disposition of the case as to the court seemed proper. Because the judgment has by error of the trial court been entered for less than it should have been, does not change the situation.

As stated above, where the defendant appeals in a case of this character from a simple money judgment, the jurisdiction on appeal is fixed by the amount of the judgment *nisi* at the date of its rendition. It therefore appears that this cause has been wrongfully certified to this court, and should be recertified to the Kansas City Court of Appeals. It is so ordered.

All concur.