Mr. John M. Keane Department of Labor and Industrial Relations 421 East Dunklin Jefferson City, Missouri 65101
Dear Mr. Keane:
This letter is in response to your request for an opinion on the following questions:
 1. "Was it the intent of the legislature to regulate theatrical booking agents in the same manner as private employment agencies are to be regulated and licensed under the new legislation; or are theatrical booking agencies covered by HB 84 solely as the result of default or oversight by the legislature in passing this legislation; or do theatrical booking agencies regulating and licensing requirements remain as they were prior to the enactment of HB 84?"
 2. "Specifically, what would constitute an investigation of the character and responsibility of the owners, partners, corporate officers, stockholders and individuals responsible for the direction and operation of placement activities for an agency so as to comply with the requirement of Section 289.010.4?"
 3. "In light of recent activities, and legal opinions, both official and unofficial, just how far can an investigation proceed and what documents can be looked into without violating a person's or persons' civil rights?"
Until this year, Sections 289.010 through 289.050, RSMo, regulated the licensing and operation of employment offices or agencies to obtain licenses. Such a regulatory scheme has existed in some form since 1909. Sections 289.100 through 289.130, RSMo enacted in 1963, provided additional regulations for the licensing and operation of theatrical booking agencies. Section 289.110.1 provides:
 "No person shall open, operate or maintain an office as a theatrical booking agency in this state without first obtaining a license from the director of the division of industrial inspection to operate a private employment agency as provided in section 289.010; and every licensee is subject to all of the restrictions, requirements and liabilities provided in sections 289.010 to 289.050."
In 1977, the 79th General Assembly repealed Sections 289.010 through 289.050, RSMo, and enacted in their place now Sections 289.005, 289.010, 289.020, 289.030, 289.040, 289.050, 289.060 and 289.070, HB 84, 79th General Assembly. In addition to expanding the requirements for licensing and operation of employment agencies, the new sections transfer authority for such licensing from the director of the Division of Industrial Inspection to the director of the Department of Consumer Affairs, Regulation and Licensing.
The general rule is that:
 "Where a reference statute incorporates the terms of one statute into the provisions of another act, `the two statutes coexist as separate distinct legislative enactments, each having its appointed sphere of action.' As neither statute depends upon the other's enactment for its existence, the repeal of the provision in one enactment does not affect its operation in the other statute . . . where a statute has adopted the provision of another statute by reference, the suspension of the provision in one enactment does not operate to suspend the identical provision in the other statute." Sutherland, Statutory Construction
Vol. 1A, Section 23.32, pp. 278-9 (4th ed. Sands, 1972).
Where one statute refers to another which is subsequently repealed, the statute repealed becomes a part of the one making the reference and remains in force so far as the adopting statute is concerned. Hanson v. City of Omaha,61 N.W.2d 556 (Neb. Sup. 1953). This also seems to be the rule in Missouri. In Gaston v. Lamkin, 115 Mo. 20,21 S.W. 1100, 1103 (1893), the Supreme Court held that where one statute specifically incorporates the provisions of another, those provisions will remain in force, unchanged, even though the incorporated statute may itself subsequently be amended or repealed. However, where a statute incorporates generally the established law in an area, changes in that law will become automatically a part of the incorporation. See alsoCrohn v. Kansas City Home Telephone Co., 131 Mo.App. 313,109 S.W. 1068, 1070 (Mo.App. 1908).
The provisions of Section 289.110 et seq. as cited above incorporate the licensing provisions of Sections 289.010 to 289.050, as they existed at the time of enactment of Section 289.110 et seq. even to the extent of referring specifically to obtaining the license from the director of the Division of Industrial Inspection. With such a specific incorporation by reference it is the opinion of this office that any subsequent modifications and amendments to the incorporated statutory scheme would not become a part of Sections 289.110, et seq.
Therefore, persons seeking to operate theatrical booking agencies must continue to obtain licensees from the director of the Division of Industrial Inspection as though Sections 289.010, RSMo et seq. had not been repealed and reenacted.
The other questions you asked cannot be appropriately answered by an official Attorney General's opinion. They involve matters which must be decided on a case-by-case basis.
Very truly yours,
 JOHN ASHCROFT Attorney General