CITY OF WARRENSBURG, Respondent,

v.

The BOARD OF REGENTS OF CENTRAL MISSOURI STATE UNIVERSITY, Appellant.

No. 59790.

Supreme Court of Missouri, en banc.

March 13, 1978.

Edward T. Matheny, Jr., Shirley Ward Keeler, Kansas City, Matthew E. Madden, Warrensburg, for appellant.

William J. Hensley, Warrensburg, for respondent.

HENLEY, Judge.

This is an action by the City of Warrensburg (City) seeking a money judgment against the Board of Regents of Central Missouri State University (University) for city imposed sales taxes not collected but allegedly due the City upon sales made (or services rendered) by the University. Submitted to the court upon the pleadings and a stipulation of facts, the case resulted in a judgment for the City for $35,079.61, as taxes due for the period from January 1, 1972, to May 1, 1976, and $9,084.66, as interest thereon. The University appealed, contending, inter alia, that sales made by it are exempt from the provisions of the sales tax ordinances by reason of the provisions of sections of state statutes, and, therefore, it was not required to and did not collect the tax and is not liable therefor. This court has appellate jurisdiction, because the construction of revenue laws of this state is involved. Mo.Const. Art. V, § 3.

The stipulation of facts is as follows:

"Plaintiff and Defendant herein jointly stipulate to the following facts for the purposes of this proceeding:

"1. The City of Warrensburg is a municipal corporation existing as a third class city under the laws of the State of Missouri, located in Johnson County, Missouri.

"2. The Defendant Board of Regents of Central Missouri State University constitutes the delegated governing body of the Central Missouri State University, a state university existing under Chapter 174 of the Missouri Revised Statutes and having its main campus and administrative offices in Warrensburg, Missouri.

"3. The Board of Regents of Central Missouri State University may sue and be sued under the provisions of Section 174.040, RSMo 1969.

"4. The City of Warrensburg Ordinance No. 1622 * * * was passed by the City Council of Warrensburg, Missouri, on August 9, 1971.

"5. City of Warrensburg Ordinance No. 1624 * * * was passed by the City Council of Warrensburg, Missouri, on September 21, 1971.

"6. The Warrensburg City Sales Tax referred to in Ordinances 1622 and 1624 became effective on January 1, 1972.

"7. The Warrensburg City Sales Tax imposes upon all persons selling or furnishing tangible personal property at retail or rendering taxable services, a tax for the privilege of engaging in business, said tax to be levied at the rate of One Per Cent (1%) of the gross receipts from sales made or services rendered within the City of Warrensburg.

"8. The Missouri City Sales Tax Law, Section 94.500 to 94.570, RSMo, became effective on October 13, 1969.

"9. Section 144.040 RSMo was amended in 1971, said amendment becoming effective on September 29, 1971.

"10. Plaintiff has made demand upon Defendant to remit to the Missouri Director of Revenue One Per Cent (1%) of the gross receipts from sales made by the Defendant on its campus at Warrensburg, Missouri, as a tax for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail within the City of Warrensburg, Missouri, subsequent to January 1, 1972.

"11. Defendant has denied the applicability of such a tax to it, and has refused to pay such tax.

"12. Central Missouri State University collects a State Sales Tax on sales made by and services rendered by CMSU at its Warrensburg campus, and remits said tax to the Missouri Director of Revenue, under Account No. 051–02463.

"13. Central Missouri State University is not now collecting and has never collected a City Sales Tax on sales made by CMSU or services rendered by CMSU at its Warrensburg campus.

"14. If Defendant is found liable for accrued taxes pursuant to the Warrensburg City Sales Tax Act, payment of such liability would come from the general funds of CMSU.

"15. If Defendant is liable for payment to the City of Warrensburg, of accrued or future City Sales Tax, said liability consists of an amount equal to One Per Cent (1%) of the gross receipts from sales made by CMSU and services rendered by CMSU within the City of Warrensburg subsequent to January 1, 1972, the date on which the Warrensburg City Sales Tax became effective, based on total sales and services subsequent to that date as reported to the Missouri Director of Revenue for purposes of the Missouri State Sales Tax, and subject to the laws of the State of Missouri governing said accountings in regard to the amount subject to tax."

The authority of cities to enact ordinances imposing a 1% sales tax comes from the City Sales Tax Act.[1] Subsection 1(2) of § 94.540, RSMo 1969,[2] relating to exemptions, adopts by reference the exemption provisions of § 144.040, one of the sections of the state Sales Tax Law.[3] Subsection

1. Sections 94.500 to 94.570 (Laws of Mo.1969, p. 166; HB 243; effective October 13, 1969).

2. References to sections of the statutes will be to this revision, except where otherwise indicated.

3. Sections 144.010 to 144.510.

1(2) of § 94.540 is, in pertinent part, as follows:

"1. The following provisions shall govern the collection by the director of revenue of the tax imposed by sections 94.500 to 94.570:

\* \* \* \* \* \*

"(2) All exemptions granted to agencies of government, organizations, persons and to the sale of certain articles and items of tangible personal property and taxable services under the provisions of sections 144.010 to 144.510, RSMo, are hereby made applicable to the imposition and collection of the tax imposed by sections 94.500 to 94.570."

When the City Sales Tax Act was adopted, § 144.040 read as follows:

"In addition to the exemptions under section 144.030 there shall also be exempted from the provisions of sections 144.010 to 144.510, all *sales made by or to* religious, charitable, eleemosynary institutions, penal institutions and industries operated by the department of penal institutions or *educational institutions supported by public funds* or by religious organizations, in the conduct of the regular religious, charitable, eleemosynary, penal or educational functions and activities, and all sales made by or to a state relief agency in the exercise of relief functions and activities." (Emphasis added.)

Section 144.040 was amended in 1971[4] by dividing it into two subsections[5] and by making changes in the extent or breadth of coverage of the exemption of certain institutions. One change, said by the City to be crucial here, is that the exemption of an "institution of higher education supported by public funds" was narrowed by limiting it to sales made *to* such institution, so that sales made *by* such an institution were no longer exempt.

The University contends that the exemption provisions of § 144.040 adopted in 1969 by subsection 1(2) of § 94.540 and thereby made a part of the City Sales Tax Act was not changed by the 1971 amendment of § 144.040. In other words, the University argues that the adoption of specific provisions of a law includes only those provisions as they exist at the time of adoption; that it does not include later modifications of those provisions by amendment of the law adopted, absent a clear expression in the adopting law that it was also intended thereby to adopt any subsequent amendment of those provisions.

This court said in *State v. Rogers*, 253 Mo. 399, 161 S.W. 770, at p. 772 (1913):

"When a reference statute specifically designates the section or article of the statute of which it is made a part, such reference statute will not be changed or modified by any subsequent change in the statute to which it refers. \* \* \* [W]here the reference statute pertains only to a method of procedure and refers generally to some statute which defines how certain things may be done, such reference statute will be expanded, modified, or changed every time the statute referred to is changed by the Legislature." See also *Gaston v. Lamkin*, 115 Mo. 20, 33, 21 S.W. 1100, 1103 (banc 1893).

The court[6] stated the rule succinctly in *Crohn v. Kansas City Home Telephone Co.*, 131 Mo.App. 313, 109 S.W. 1068 at l.c. 1070 (1908): "An act adopting by reference the whole or a portion of another statute means the law as existing at the time of adoption, and does not adopt any subsequent addition thereto or modification thereof."

In *Hassett v. Welch*, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, (1938) the court

---

4. RSMo Supp.1971 (Laws of Mo.1971, p. 208; SB 72; effective September 28, 1971).

5. Subsection 2 of amended § 144.040 is as follows:

"2. *There shall also be exempted* from the provisions of sections 144.010 to 144.510 all sales made to eleemosynary and penal institutions and industries of the state, and *all sales*

*made to any institution of higher education supported by public funds*, and all sales made to a state relief agency in the exercise of relief functions and activities." (Emphasis added.)

6. The Kansas City Court of Appeals. Now the Missouri Court of Appeals, Kansas City District.

resorted to the use of this canon of construction in a case involving the construction of a taxing statute, stating the canon to be: " 'Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute . . . Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.' " [7]

There can be no doubt here as to which provisions of the state Sales Tax Law § 94.540, subsection 1(2) intended to adopt and make applicable to the imposition and collection of the sales tax authorized by the City Sales Tax Act. It adopted the *exemption* provisions. It did so by making "specific and descriptive reference" to those "particular provisions." This adoption was of such nature that it did not include any subsequent amendment of those provisions. Therefore, the exemption provisions of the City Sales Tax Act were not affected by and· remain the same as they were before the 1971 amendment of § 144.040. It follows that the sales tax ordinances enacted in 1971 effective January 1, 1972, also were not affected by the 1971 amendment of § 144.040. The University is exempt from the imposition and collection of the city sales tax on all sales made *by or to* it.

Because of the decision made on the one point considered, we need not consider and decide other points briefed by the University advancing reasons why it is not subject to the city sales tax ordinances.

The judgment is reversed.

MORGAN, C. J., and FINCH, DONNELLY, RENDLEN and SEILER, JJ., concur.

BARDGETT, J., dissents.

7. 303 U.S. at 314, 58 S.Ct. at 564, quoting Lewis' Sutherland on Statutory Construction, 2d ed., Vol. II, pp. 787–8.