LACLEDE GAS COMPANY, a Corporation, et al., Plaintiffs-Respondents,

v.

CITY OF WOODSON TERRACE, Missouri, a Municipal Corporation, et al., Defendants-Appellants.

No. 42959.

Missouri Court of Appeals,
Eastern District,
Division One.

July 28, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

Robert C. Jones, David E. Evans, Clayton, for defendants-appellants.

Morris E. Stokes, Lawrence J. Bannes, Richard T. Ciottone, St. Louis, for plaintiffs-respondents.

STEWART, Judge.

This is an appeal by three municipalities in St. Louis County from a judgment declaring their sales tax ordinances on domestic use of gas, electricity and water void and enjoining them from imposing any sales tax in the future. The judgment also enjoined plaintiffs who are utility companies from billing, collecting or administering any sales tax within St. Louis County. The court further held that recent state legislation exempts all sales of utilities for domestic use from the application of. the sales tax law imposed by the sales tax ordinance of St. Louis County. We affirm in part and reverse in part.

Separate actions were originally brought by St. Louis County Water Company, Union Electric Company and Laclede Gas Company, plaintiffs, against the municipalities of Woodson Terrace, Beverly Hills, Creve Coeur, Olivette, University City, Ellisville, Manchester, Pacific and Cool Valley. The actions were consolidated and St. Louis County was added as a party defendant. The municipal defendants filed cross claims against St. Louis County seeking an order directing St. Louis County to enforce its ordinance imposing its sales tax on the sale of gas, electricity and water.[1] The cause was heard upon a stipulation as to the facts and documentary evidence. Three of the nine municipalities have appealed.

This appeal was originally lodged in the Supreme Court of Missouri upon the theory that it involved "the construction of revenue laws of this state" under Art. 5, § 3 of the Constitution of Missouri. Mo.Const. of 1945, Art. 5, § 3 (1970). The Supreme Court transferred the cause to this court. We have some doubt as to our jurisdiction because what we consider to be the clear and unambiguous meaning of the statutes involved does not comport with the reading given the statutes by any of the parties. In the review we take of the language of the statute, we do not construe the statute but apply it as written. *State ex rel. Crawford County, etc. v. Bouse,* 586 S.W.2d 61, 63 (Mo.App.1979).

Some background as to the history of the sales tax law is necessary to an understanding of the issues and their solution. Prior to 1977 the municipalities who are parties to this action had imposed sales taxes in accordance with the authority vested in them by the City Sales Tax Act §§ 94.500 to 94.570 RSMo 1969. By this act the municipalities were authorized to impose sales tax but only to the extent that the Sales Tax Law, §§ 144.010 to 144.510 RSMo 1969,

---

1. Individual residents of University City, Missouri who were customers of the plaintiffs intervened in the action. The defendant municipalities also filed counterclaims against plaintiffs for an order directing the plaintiffs to collect sales tax under the municipalities' sales tax ordinances.

defined a transaction as a taxable event. At that time "sales at retail" was defined as including "[s]ales of electricity, electrical current, water and gas, natural or artificial, to domestic, commercial or industrial customers." § 144.010.1(8)(b) RSMo 1969. All of the municipalities who are parties to this action included as a taxable event in their ordinances the sale of electricity, water and gas to domestic, commercial and industrial users of the commodities.

In 1977 the legislature enacted §§ 66.600 to 66.635 RSMo Supp. 1977. This act authorized St. Louis County to impose a county-wide sales tax upon approval of a majority of the qualified voters of St. Louis County. The proceeds of such a tax are to be distributed to municipalities in accordance with the formula established by § 66.620 RSMo Supp. 1977. This act also provides that once the county-wide sales tax has been duly enacted, "no city sales tax may be imposed by any city, town or village which is wholly or partially within the county . . . and any ordinance which may have been enacted to impose such a tax prior to the effective date of the county sales tax . . . shall be void and of no effect . . . ." § 66.600.1 RSMo Supp. 1977. However, "if the county sales tax is repealed or becomes otherwise inapplicable," the municipal ordinances would be effective without a re-enactment. § 66.600.1 RSMo 1978.

In accordance with the authorization of the qualified voters of St. Louis County, the County enacted an ordinance imposing a 1% sales tax "to the extent and in the manner that [sales at retail] are subject to taxation by the State of Missouri under the provisions of Chapter 144 R.S.Mo. and the rules and regulations of the Director of Revenue of Missouri issued pursuant thereto." St. Louis County Ordinance No. 8496 (Dec. 22, 1977).

The enactment of Ordinance No. 8496 by St. Louis County had the effect of nullifying the sales tax ordinances of municipalities within St. Louis County subject to revival upon the conditions set out in § 66.-600.1 RSMo 1978.

In 1979 the legislature extensively amended the Sales Tax Law, §§ 144.010 to 144.250 RSMo Supp. 1979. The 1979 act significantly increased the number of exemptions from the imposition of sales tax. In pertinent part § 144.030 RSMo Supp. 1979 provides:

"2. There are also specifically exempted from the provisions of sections 66.600 to 66.635, RSMo, [St. Louis County Sales Tax] . . . sections 94.500 to 94.570, RSMo, [Municipal Sales Tax] . . . and sections 144.010 to 144.510 and 144.600 to 144.745 and from the computation of the tax levied, assessed or payable under sections 66.600 to 66.635 RSMo, . . . sections 94.-500 to 94.570, RSMo . . . and sections 144.010 to 144.510 and 144.600 to 144.745:

. . .

(23) Except as otherwise provided in section 144.032, all sales of metered water service, electricity, electrical current, natural, artificial or propane gas, wood, coal or home heating oil for domestic use and in any city not within a county, all sales of metered or unmetered water service for domestic use. 'Domestic use' means that portion of metered water service, electricity, electrical current, natural, artificial or propane gas, wood, coal or home heating oil, and in any city not within a county, metered or unmetered water service, which an individual purchaser uses for nonbusiness, noncommercial or nonindustrial purposes . . . ."

The section of the statute referred to above reads as follows:

"144.032. Cities or counties may impose sales tax on utilities—determination of domestic use

The provisions of section 144.030, to the contrary notwithstanding, any city imposing a sales tax under the provisions of sections 94.500 to 94.570, RSMo, or any county imposing a sales tax under the provisions of sections 66.600 to 66.635, RSMo, or any county imposing a sales tax under the provisions of sections 67.500 to 67.545, RSMo, may by ordinance impose a sales tax upon all sales of metered water services, electricity, electrical current and

natural, artificial or propane gas, wood, coal, or home heating oil for domestic use only. Such tax shall be administered by the department of revenue in the same manner as any other city or county sales tax. Domestic use shall be determined in the same manner as the determination of domestic use for exemption of such sales from the state sales tax under the provisions of section 144.030."

Each of the defendant municipalities reacted by enacting ordinances which purported to reimpose municipal sales tax on domestic sales of metered gas, electricity and water and would be enforced January 1, 1980, the effective date of the above statutes.

St. Louis County took the position that it would be necessary to pass a new, separate ordinance reimposing a sales tax upon the domestic use of water, electricity and gas. A bill was introduced in the St. Louis County Council purporting to "reimpose" the 1% county-wide sales tax on all sales for domestic use of water, electricity and gas. This bill did not pass.

Because of the conclusion that we reach, we need consider but one issue. Did the passage of § 144.030 RSMo Supp. 1979 nullify the portion of the sales tax ordinance of St. Louis County that taxes the domestic use of water, electricity and gas?

St. Louis County Ordinance No. 8496 by reference to §§ 144.010 to 144.250 RSMo imposed a sales tax upon all transactions upon which the State defined as taxable events and exempted from sales tax all those transactions which the State had expressly exempted.

As noted above, the legislature materially increased the number of transactions that were exempt from the sales tax. These additional exemptions are of course applicated to the sales tax imposed by the State. We must determine whether they are applicable to the concerned political subdivisions of the State. The power of the political subdivisions of the State to levy a tax must be found in a grant of power by the State

to the political subdivision. *First Nat. Bank of St. Joseph v. Buchanan County,* 356 Mo. 1204, 205 S.W.2d 726, 729 (1947). The power to levy a sales tax has been granted to the municipalities by §§ 94.500 to 94.570 RSMo 1978 and to St. Louis County by §§ 66.600 to 66.635 RSMo 1978. The State may also withdraw the power to tax or proscribe further limitations upon such power. Mo.Const. of 1945, Art. 5, § 3 (1970). The legislature in enacting § 144.-030 RSMo Supp. 1979 placed further limitations upon the right of municipalities and certain counties to levy sales tax. Those enactments of the State providing for exemption served to amend existing sales tax laws and ordinances because they were specifically made applicable to those political subdivisions.[2] The one exception is found in § 144.030.2(23) RSMo Supp. 1979. This provision exempts the sale of water, electricity and gas for domestic use from the imposition of a sales tax "except as otherwise provided in § 144.032 . . . ." § 144.030.-2(23) RSMo Supp. 1979. There is clearly an exception to the exemption for domestic use of water, electricity and gas.

Those entities coming within the exception to exemptions as to domestic use of water, electricity and gas are clearly and emphatically set out in § 144.032 RSMo Supp. 1979. The emphasis can be found in the opening phrase of § 144.032 RSMo Supp. 1979 which states, "[t]he provisions of section 144.030 to the contrary notwithstanding . . . ." The language clearly and unambiguously expresses the legislative intent that cities authorized to impose sales tax under §§ 94.500 to 94.570 RSMo and counties authorized to impose sales tax under §§ 66.600 to 66.635 RSMo (St. Louis County) or under §§ 67.500 to 67.545 RSMo are excepted from the exemption provisions of § 144.030.2(23) RSMo Supp. 1979.

The parties have taken the position that the enactment of § 144.030.2(23) RSMo Supp. 1979 nullified those provisions of the sales taxes of cities and counties with re-

---

2. For these reasons *City of Warrensburg v. Board of Regents,* 562 S.W.2d 340 (Mo. banc 1978) relied upon by the municipalities who are

defendants herein is inapposite to our consideration of this case.

spect to sales of water, electricity and gas for domestic use so as to require the enactment of laws imposing anew the sales tax on the domestic use of water, electricity and gas. We find no language in §§ 144.010 to 144.250 RSMo Supp. 1979 that explicitly voids or nullifies the existing enactments on the subject.

The language which seems to have misled plaintiffs is contained in § 144.032 RSMo Supp. 1979. It provides that any of the cities or counties "imposing a sales tax . . . may by ordinance impose a sales tax upon all sales of metered water services, electricity, electrical current and natural, artificial or propane gas, wood, coal, or home heating oil for domestic use only." § 144.032 RSMo Supp. 1979. The language of this section does not nullify the taxes already imposed on the items enumerated. The statute continues in force the authority of the cities under §§ 94.500 to 94.570 RSMo 1978 and the counties under §§ 66.600 to 66.635 RSMo 1978 to impose a sales tax upon the domestic use of water, electricity and gas. The authority continues in force for those who are presently imposing such a tax and those who may wish to do so in the future. The power of St. Louis County to impose its sales taxes on those utilities was never subject to the exemptions of § 144.030.2(23) RSMo Supp. 1979. No action was required on its part to keep the tax on water, electricity and gas in force because its sales tax was not affected by § 144.030.2(23).

The defeat of the St. Louis County Council bill to "reimpose" the sales tax on domestic use of water, electricity and gas did not serve to repeal that portion of Ordinance No. 8496 because it did not conform with Art. II, § 2.090, Charter of St. Louis County (1979).[3]

St. Louis County had in force a valid sales tax ordinance at the time the defendant municipalities passed their ordinances purporting to impose a sales tax. Those ordinances were null and void under the provisions of § 66.600.1 RSMo 1978.

3. We take judicial notice of the Charter of St. Louis County. Mo.Const. of 1945, Art. 6, § 19 (1970).

Ordinance No. 8496 has been and is in full force and effect subject to all of the exemptions enumerated in § 144.030 RSMo Supp. 1979 with the exception of § 144.030.-2(23) RSMo Supp. 1979. The sales tax imposed upon the domestic use of water, electricity and gas by reason of Ordinance No. 8496 is still in full force and effect.

The judgment is affirmed so far as it declares the ordinances of the defendant municipalities null and void. The judgment is reversed so far as it declares the tax imposed by St. Louis County Ordinance No. 8496 upon the domestic use of water, electricity and gas to be null and void. The cause is remanded to the Circuit Court for entry of judgment in accordance with the views expressed herein.

STEPHAN, P. J., and CRIST, J., concur.

