JULIA NICHOLAS, Administratrix, Respondent, v. TAYLOR D. KELLEY, Appellant.

St. Louis Court of Appeals, July 15, 1911.

1. NEGLIGENCE: Automobiles: Statute Regulating ·Operation: Construction. Section 8523, Revised Statutes 1909, imposing on operators of automobiles on public highways the highest degree of care that a very careful person would use under similar circumstances to prevent injury to persons on the highway, establishes a rule in derogation of the common law, which imposes only ordinary care, and hence it must be strictly construed, but not so as to defeat the obvious intent of the Legislature.

2. ——: ——: ——: ——: Liability of Owner: Master and Servant. Under section 8523, Revised Statutes 1909, imposing on "all persons owning, operating, or controlling" an automobile on a public highway the highest degree of care that a very careful person would use to prevent injury to persons on the highway, where an automobile is operated by a servant within the scope of his employment about his master's business,

Nicholas v. Kelley.

the master is deemed as operating it, so as to make him liable for injury resulting from his servant's violation of the statute.

3. DEFINITIONS: "Damages": "Penalty". Damages are based on the idea of a loss to be compensated—a damage to be made good; while a sum in which a wrongdoer is mulcted simply as a. punishment for his wrong, irrespective of any loss caused thereby, is a fine or a penalty, rather than damages.

4. DEATH BY WRONGFUL ACT: Second Section Damage Act: Construction. Section 2864, Revised Statutes 1899, authorized the recovery of a penalty only, and the same statute, as amended in 1905 (section 5425, Revised Statutes 1909), authorizing a recovery of not less than $2000 nor more than $10,000, is likewise penal.

5. ———: Automobiles: Statute Regulating Operation: Construction. Under section 8057, Revised Statutes 1909, requiring the court to give technical words in statutes their technical import, the word "damages" in section 8523, Revised Statutes 1909, providing that, in case death result from the operation of an automobile in disregard of the provisions of the statute, "then *damages* for such injury or death may be recovered as provided by section 5425," should be construed to mean damages and not a penalty.

6. ———: ———: ———: ———: Damages Only Recoverable. Although section 8523, Revised Statutes 1909, provides that, in case death result from the operation of an automobile in disregard of the provisions of the statute, damages for such injury or death may be recovered as provided by section 5425, a recovery of the penalty of not less than $2000 nor more than $10,000, provided by the latter section, may not be had in an action for wrongful death under the former section, but a recovery may be had for damages only; section 8523 containing no pointed reference to a penalty, and it being the rule of decision that a penalty will not be created by construction.

7. STATUTES: Construction: Imposing Penalty. 'The court, in construing a statute, will not create a penalty by construction, but will avoid it, unless the legislative intent to the contrary clearly appears.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED AND REMANDED.

*A. E. Watson* and *Jones, Jones, Hocker & Davis* for appellant.

Plaintiff, if entitled to recover at all, was entitled to recover only under sec. 5427, Gen'l Stats. Mo. 1909, on account of the death of her son, and not a penal sum. The damages should have been limited to nominal damages only. If plaintiff was entitled to more than nominal damages the damages assessed are excessive. Section 8523 is not applicable to an owner not "in control" of the automobile and the court erred in imposing more than ordinary care in the instructions.

*R. M. Nichols* for respondent.

(1) The sentence "then damages for such injury or death may be recovered as provided by sec. 2864, . . . as amended in 1905" should be read "then damages for such injury and death may be recovered," etc. State v. Bulling, 100 Mo. 93; State ex rel. v. Pike Co., 144 Mo. 280; State v. Bixman, 162 Mo. 34; State v. Brown, 206 Mo. 507; U. S. v. Fiske, 3 Wal. 445, 18 U. S. 243; People v. Rice, 138 N. Y. 151; People v. Van Cleave, 187 Ill. 125. (2) The title of the Act of March 19, 1907 (Session Acts 1907, p. 73) is a part of the act, and in the interpretation of the act it must be construed as indicating the legislative intent and as affecting the meaning of the language of the act. The title proclaims the intention in the following significant language: "To provide regulations for the operation, use and speed of motor vehicles on public highways; and prescribing penalties and civil liabilities for the violation thereof." Dart v. Bagley, 110 Mo. 63; St. Louis v. Wortman, 213 Mo. 139; Session Acts, 1907, p. 73. (3) The Act of March, 1907, entitled "Automoiles," and particularly sec. 22 thereof (now sec. 8523), under consideration, is strictly in *pari materia*

with the Act of April 13, 1905 (formerly sec. 2864, now. sec. 5425), to which it refers, and must be construed therewith, and consequently any construction of the word "damages" must be construed as meaning "penalty," in case of death, irrespective of the evident intent of the said act as culled from the title. State v. Sommers, 142 Mo. 596; State v. Brown, 153 Mo. 578; Humphries v. Davie, 100 Ind. 284; Casey v. Transit Co., 116 Mo. App. 235 (affirmed in 205 Mo. 721). (4) The term "operating" would include a servant or agent who would be bound to exercise the degree of care prescribed, and for whose violation the master would be liable. Rorendorf v. Ry. Assn., 116 Mo. App. 348; Houston v. R. R., 129 Mo. App. 574; Turner v. R. R., 132 Mo. App. 238; Calahan v. St. Louis Bridge B. T. Co., 170 Mo. 473; Daly v. R. R., 147 Mass. 101.

NORTONI, J.—This is a suit for damages accrued on account of the death of plaintiff's intestate. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff is administratrix of the estate of her son Joseph C. Nicholas, deceased, who came to his death on the 17th day of May, 1909, through being run upon and killed by defendant's automobile at the intersection of Sarah street and Westminster Place in the City of St. Louis. At the time of his death, decedent was about thirty-two years of age and an unmarried man without children, either natural born or adopted, and plaintiff prosecutes the suit as his administratrix, in accordance with the provisions of section 5425, Revised Statutes 1909, which, when considered together with section 8523, Revised Statutes 1909 pertaining to death by an automobile, authorizes such course of procedure.

The petition pleads an ordinance of the city of St. Louis forbidding the operation of automobiles on

the public streets thereof at a rate of speed in excess of eight miles per hour and counts upon a breach of the obligation so enjoined, for negligence. It counts, too, on the obligation of high care which is imposed upon those owning, controlling and operating automobiles by section 8523, Revised Statutes 1909, and avers a breach which resulted in the death of Joseph C. Nicholas. It appears plaintiff's son and intestate came to his death at the intersection of Sarah street and Westminster Place in the city of St. Louis, as alleged in the petition, through being run upon by defendant's automobile in charge of his servant. Both of the streets above mentioned are public thoroughfares and highways of the city of St. Louis and the place of the injury falls within the purview of section 8523. The statute referred to was originally section 22 of the Automobile Act, enacted by the legislature in 1907. [See Laws of Missouri 1907, p. 78.] This statute prescribes the obligation of high care as to all persons owning, operating or controlling an automobile running on public roads, streets, avenues, alleys, highways or places much used for travel. This statute has been incorporated into the Revised Statutes of 1909, where it appears substantially as section 8523; but the words "as amended in 1905," which are italicised in the section as we copy it from the original enactment, are omitted from the Revised Statutes. As the original statute contains the words "as amended in 1905" which were omitted in the revision, we copy the original section in the opinion for the reason a point is made with respect to the words above quoted. The statute is as follows:

"All persons owning, operating or controlling an automobile running on, upon, along or across public roads, streets, avenues, alleys, highways or places much used for travel, shall use the highest degree of care that a very careful person would use, under like or similar circumstances, to prevent injury or death

to persons on, or traveling over, upon or across such public roads, streets, avenues, alleys, highways or places much used for travel. Any owner, operator or person in control of an automobile, failing to use such degree of care, shall be liable in damages to a person or property injured by the failure of the owner, operator or person in control of an automobile, to use such degree of care, and in case of the death of the injured party, then damages for such injury or death may be recovered, as provided by section 2864, of the Revised Statutes of Missouri, *as amended in 1905;* unless the injury or death is caused by the direct negligence of the injured or deceased person, contributing directly thereto." [Sec. 22, Laws of Missouri, 1907, p. 78. See also Sec. 8523, R. S. 1909.]

The evidence tended to prove, and the case made affirms, that defendant's automobile was being negligently operated by defendant's servant within the scope of his authority and on a mission for defendant at the time plaintiff's intestate was run upon and killed thereby, and it appears, too, that defendant himself was not present. In other words, defendant owner of the automobile was absent therefrom and was in no wise personally engaged in operating or controlling it. As the statute above quoted prescribes an obligation of high care against all persons owning, operating or controlling an automobile in the circumstances therein suggested, it establishes a rule in derogation of the common law, for, aside from this enactment, the obligation of ordinary care obtains in like cases. Because of this fact, the statute is to be strictly construed, but not so as to defeat the obvious intention of the lawmakers, for, though a statute is in derogation of the common law and therefore to be strictly construed, the intention of the legislature to be gleaned therefrom must always prevail. Because of the rule of strict construction which obtains here, it is argued no recovery may be had against defendant

owner, under the statute, as for a breach of the obligation of high care in operating the machine, for the reason its language implies that the obligation is affixed against the person only who is operating or controlling the automobile. It is said, as defendant was absent therefrom and his servant was operating and controlling the machine when it ran upon plaintiff's intestate and inflicted the injury from which death ensued, a right of action under the statute obtains against such servant only, and this, too, notwithstanding the fact that the servant was acting within the scope of his employment and actually performing a mission for defendant at the time. The argument proceeds from the language of the act, for it says "All persons owning, operating or controlling an automobile, etc., . . . shall use the highest degree of care." It is true these words imply in a measure that the obligation to use high care is cast more particularly upon the person operating the automobile, as is entirely proper, for it is with him that the danger lies, but, though such be true, we are unwilling to concede the proposition advanced. It is obvious from the broad language used in the first two lines of the section that the legislature intended to lay the obligation upon all persons owning, operating or controlling the automobile, and if the machine owned by defendant was being operated by his servant within the scope of his employment about the master's business, then the defendant owner should be regarded as operating the machine himself within the terms of the act. That the legislature so designed is quite clear, for obviously it did not intend to create a cause of action against the chauffeur alone.

The statute above quoted provides substantially that the owner, operator or person in control of the automobile shall be liable in damages to the person or property injured by the failure to use high care and in case of death of the injured party then damages for

such injury or death may be recovered as provided by section 2864 of the Revised Statutes of Missouri, as amended in 1905. Before its amendment in 1905, section 2864 prescribed a penalty of $5000 for the death of a person occasioned through the negligence of certain public carriers and authorized his widow or children to sue therefor and recover the amount. In 1905, this statute (Sec. 2864, R. S. 1899) was amended by creating a penalty of not less than $2000 nor more than $10,000, to be sued for and recovered on account of every such death, and other parties were added as those who were entitled to recover for a death under the circumstances mentioned in the statute. Among other things, the amendment prescribes that an administrator may sue and recover for the death of the party, if the decedent left no husband, wife, minor child or minor children, natural born or adopted, as in the circumstances of this case. The statute (Sec. 2864, R. S. 1899) as amended in 1905, is now section 5425, Revised Statutes 1909. Section 22 of the automobile law of 1907, above copied, provides that damages may be recovered for such injury or death as provided by section 2864, Revised Statutes, as amended in 1905. The same statute pertaining to automobiles (Sec. 8523, R. S. 1909) provides that damages for such injury or death may be recovered as provided by section 5425, Revised Statutes 1909. In view of this reference to the penal death statute, the court instructed the jury that, in the event it found the issues for plaintiff, it should award her a recovery of not less than $2000 nor exceeding $10,000, in the discretion of the jury. Under this instruction, the jury awarded plaintiff a recovery as a penalty in the amount of $5000. It is argued that the court erred in so instructing the jury and authorizing a recovery of the penal sum provided for in section 2864, Revised Statutes 1899, as amended in 1905 (Sec. 5425, R. S. 1909), for the reason section 22 of the automobile act above quoted

(Sec. 8523, R. S. 1909) says nothing whatever as to penalty and does no more than authorize a recovery "in damages" as provided by section 2864, as amended in 1905, or section 5425. We believe this argument to be sound, and this, too, notwithstanding the suggestion involved in the words "as amended in 1905," for, on principle, a penalty may not be created by mere construction, which is necessary here in order to sustain the recovery had. The automobile statute authorizes a recovery "in damages" and says nothing whatever on the question of penalty. That there is a marked technical distinction in the law between damages and penalty no one can doubt. Bouvier, in his Law Dictionary, title "Damages," says, "Damages are based on the idea of a loss to be compensated, a damage to be made good." While, on the other hand, the same authority under the same title, says, "A sum in which a wrongdoer is mulcted simply as punishment for his wrong and irrespective of any loss caused thereby is a fine or a penalty rather than damages." That section 2864, Revised Statutes 1899, before its amendment in 1905 authorized the recovery of a penalty only is well settled. [See Casey v. St. Louis Transit Co., 116 Mo. App. 235, 91 S. W. 419; s. c., 205 Mo. 721, 103 S. W. 1146.] That the same statute since the amendment of 1905 is penal in authorizing a recovery of not less than $2000 nor to exceed $10,-000 in the discretion of the jury without proof of pecuniary loss or damage is a proposition now equally well established in the jurisprudence of the state, for, indeed, the very terms of that statute itself declares the recovery therein authorized to be a penalty. That it authorizes a recovery of a penalty as contradistinguished from damages has been decided by both the Supreme Court and this court, and the idea of compensation, if it obtains any longer at all, is but incidental. [See Young v. St. Louis, I. M., etc., R. Co., 227 Mo. 307, 127 S. W. 19; Moyes, Adm'x, v. St. L.,

I. M. & Southern R. et al., —— Mo. App. ——, —— S. W. —.]  By the legislative mandate of section 8057, Revised Statutes 1909, we are directed to give technical words and phrases having a peculiar and appropriate meaning in law their technical import.  An adherence to this command impels us to construe the word "damages," contained in the automobile statute, to mean *damages* and not penalty.  Furthermore, the provisions of the automobile statute in respect of this matter are more or less ambiguous, for, though it refers to section 2864 as amended in 1905, or section 5425, Revised Statutes 1909, the reference is a consistent one as pointing the proper parties to bring the suit; for instance, in this case, the administratrix of the decedent.  Though it no doubt possessed the power to do so, it is not at all clear that the legislature intended to authorize a recovery of the penalty provided in the amended section 2864, Revised Statutes 1899, or section 5425, Revised Statutes 1909, for a death resulting from the negligent operation of a mere private conveyance, when such penalties are by the terms of the penal death statute itself leveled only against those operating conveyances of a public character.  Especially is this true when it is observed the word "damages" is employed without any pointed reference to penalty whatever in the statute.  A uniform rule of decision prevails to the effect that a court may not create a penalty by construction, but, on the contrary, must avoid it unless it appears to be clearly intended by the legislature.  [See Western Union Tel. Co. v. Axtell, 69 Ind. 199; Cearfoss v. State, 42 Md. 403; Rixke v. Western Union Tel. Co., 96 Mo. App. 406, 70 S. W. 265.]  The penalty provided by the statute, section 2864, Revised Statutes 1899, as amended in 1905 (Sec. 5425, R. S. 1909), may only be awarded under the automobile section above quoted by construction, for the intention of the legislature that such a recovery may be had thereunder

is by no means clear. We conclude, therefore, that the legislature intended no more by referring to the statute mentioned than that the parties therein designated might sue for and recover "damages for such injury or death." In accordance with this view, the judgment should be reversed and the cause remanded to be proceeded with as for damages. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.