LIZZIE HARTNETT, Respondent, v. UNITED RAILWAYS COMPANY of St. Louis, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 7, 1911. Opinion Filed January 9, 1912.

1. STREET RAILWAYS: Injuries to Person on Track: Contributory Negligence: Question for Jury. Where, in an action for the death of a person by collision with a street car, the evidence is conflicting as to whether he drove onto the track without looking or listening, the question of his contributory negligence is for the jury.

2. APPELLATE PRACTICE: Review: Abandoned Assignments of Error. Where counsel for appellant, in his oral argument before the appellate court, makes no attempt to argue certain assignments of error, but practically abandons them, and bases his claim for a reversal on other assignments, it is unnecessary for the court to pass upon such abandoned assignments.

3. DEATH BY WRONGFUL ACT: Evidence: Damages. In an action for death, brought by decedent's widow, under section 5425, Revised Statutes 1909, testimony as to the number and the ages of the children of plaintiff and her deceased husband is admissible, as bearing on the question of damages.

4. APPELLATE PRACTICE: Controlling Decisions. The latest opinion of the Supreme Court is controlling on the Courts of Appeals.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*George T. Priest* for appellant; *Boyle & Priest* of counsel.

(1) The court erred in permitting plaintiff to testify over defendant's objection as to the number of her children and their respective ages. Stephens v. Railroad, 96 Mo. 207; Dayharsh v. Railroad, 103 Mo. 570; Mahoney v. Railroad, 168 Mo. 191; Williams v. Railroad, 123 Mo. 573. (2) The court ered in allowing counsel for the plaintiff in his closing argument to the jury to refer to the damage plaintiff has sustained by the loss of her husband and in refusing to rebuke counsel for such argument and in refusing to instruct the jury that they should not consider such argument, as requested by counsel for defendant. Torryson v. Railways Co., 144 Mo. App. 626. (3) The court erred in refusing to give an instruction offered on behalf of defendant. Killian v. Railroad, 216 Mo. 215.

*A. R. & Howard Taylor* for respondent.

(1) If the facts were as established by the evidence, and verdict, that deceased drove on the track with his horses when car was 150 feet away or 100 feet away, there was no defense in the fact, if true, that deceased failed to exercise ordinary care to look and listen for the approach of the car. Murphy v. Railroad, 228 Mo. 80; Ellis v. Railroad, 234 Mo. 674, 678; Strauchon v. Railroad, 232 Mo. 601; Ligg v. Railroad. 154 Mo. App. 292. (2) The cases cited by appellant under his first point in his brief were all cases where the father of the children was suing for damages for personal injuries. Of course, he had to support his family before injury as well as after injury, and there-

fore the number or ages of his children had no place in estimating damages as was properly ruled in cases cited by appellant. These cases are not in point in a case, when as here, the death of a husband casts the burden of their support on the widow. Boyd v. Railroad, 130 S. W. 570.

REYNOLDS, P. J.—The facts and issues in the case, as set out by learned counsel for appellant, are that plaintiff's husband, while driving a team and wagon across Easton avenue on to Leonard avenue, in the city of St. Louis, was struck by one of defendant's eastbound cars and thrown from his wagon and killed. The evidence of plaintiff tended to show that the decedent drove upon the tracks at such a time that if the motorman in charge of the car had exercised ordinary care to have stopped the car after plaintiff had gotten into a position of peril on the tracks that the car could have been stopped. There was evidence on the part of defendant tending to show that decedent drove on to the tracks at the time and place in question without looking and listening for the approach of a car. Over the demurrer of defendant the cause was submitted to the jury and the jury returned a verdict in favor of plaintiff for $5000. Counsel for appellant very frankly admit that as the points they desire to present do not involve a demurrer to the evidence, it is unnecessary to set it out any further than above. That is the evidence as so set out by them, except that the affidavit of the motorman who was operating the car at the time of the accident was in evidence and is abstracted, and that affidavit tended to sustain the claim of the defendant. Clearly it was a case for the jury, and they were correctly instucted.

The errors assigned are to admitting evidence of plaintiff as to the number of her children and their respective ages and to allowing counsel for plaintiff, in his closing argument to the jury, to refer to that

as an element of damage and in the refusal of the court to give two instructions aked by defendant. The action is under section 5425, Revised Statutes 1909.

While these are the assigned errors, in the argument of the case before us counsel for appellant made no attempt to argue the assigned error as to the instructions, but practically abandoned that, basing his claim for a reversal on the error of the court in admitting evidence of the number and ages of the children of plaintiff and her deceased husband. It is unnecessary therefore to set out the instructions or comment upon the action of the court in respect thereto.

The Supreme Court in Tetherow v. St. Joseph & D. M. R. Co., 98 Mo. 74, 11 S. W. 310, held that it was not error to permit the plaintiff to state the number and ages of her minor children. Again, in Soeder v. St. Louis, I. M. & S. Ry. Co., 100 Mo. 673, l. c. 682, 13 S. W. 714, the Supreme Court, following the Tetherow case, supra, held that the judgment would not be reversed because plaintiff was permitted to testify as to the number of her infant children, the husband being bound for the support of his own children and his death casting this burden upon the mother, his widow. It is true that neither of these cases were under section 5425, Revised Statutes 1909, but both under what are now sections 5426 and 5427, where the measure of damage is such an amount as the jury might deem fair and just with reference to the necessary injury resulting from such death. Before amendment that was not to exceed $5000; now it is $10,000. But our Supreme Court, in the recent case of Boyd v. Mo. Pac. Ry. Co., 236 Mo. 54, 139 S. W. 561, an action under section 5425, has distinctly held that in an action by the wife for the wrongful death of her husband, brought under that section, "it is proper to show in evidence the number and ages of plaintiff's children," for, says our Supreme Court, that statute is remedial as well as penal. In the Boyd case plaintiff was permitted to

give in evidence the number and ages of the children. On this line of reasoning it seems clear that the ruling on the admissibility of evidence of the number and ages of the children, as announced in the Tetherow and Soeder cases, supra, although cases brought under sections 5426 and 5427, Revised Statutes 1909, is applicable to cases such as this, brought under section 5425. Certainly the Supreme Court has so held in the Boyd case. This last opinion is controlling upon us. On its authority, the judgment of the circuit court in the case at bar is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.