JOHN Q. JOHNSON, Administrator of the Estate of ARTHUR JOHNSON, Deceased, Appellant, v. DIXIE MINING & DEVELOPMENT COMPANY, Respondent.

Springfield Court of Appeals, April 7, 1913.

1. **DAMAGES: Damage Act: Statutes Construed: Compensatory Damages.** Secs. 5426 and 5427, R. S. 1909, are intended to give only compensatory damages and are in no sense penal. One suing under these sections must show the pecuniary loss and the damages must be pleaded and proven in order to recover.

2. ———: ———: **Suit by Administrator: Pleadings: Necessary Allegations.** An administrator brought suit under Secs. 5426 and 5427, R. S. 1909, to recover damages for the negligent death of his intestate, who at the time of his death was over the age of 21, and left no wife or minor children, natural born or adopted, surviving him. *Held*, that in order to maintain such action under said sections, it is necessary for the administrator to allege and show for whom he brought the suit in order to show wherein they were entitled to be compensated for the necessary injury, i. e., the pecuniary loss. [ROBERTSON, P. J., dissenting.]

3. ———: ———: **Petition: Demurrer to.** In an action by an administrator to recover damages for the negligent death of his intestate under Secs. 5426 and 5427, R. S. 1909, where the petition merely alleged that the plaintiff was the duly appointed administrator, set out the facts of negligence complained of, and the death of the deceased resulting therefrom, and alleged that the estate of the deceased had sustained injury, *held*, that a demurrer to the petition was properly sustained by the trial court. [ROBERTSON, P. J., dissenting.]

Appeal from Jasper Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED. CERTIFIED TO SUPREME COURT.

*Clay & Davis* for appellant.

(1) The demurrer should have been overruled, because: First. The petition alleges that the deceased was, at the time of his death, above 21 years of age, that he left surviving him neither wife, minor child or minor children, natural born or adopted, the appointment of plaintiff as administrator, and that the deceased lost his life on account of certain specified acts of negligence of defendant. Second. Trial courts have no authority to order distribution of the amount recovered by administrators and executors in actions founded upon Sec. 5426, R. S. 1909, and it was, therefore, unnecessary for plaintiff to set out in his petition the names of the next of kin of the deceased. Railroad v. Then, 42 Ill. 791; United Breweries Co. v. O'Donnell, 77 N. E. (Ill.) 547; Howard v. Canal Co., 40 Fed. 195, 6 L. R. A. 75; Railroad v. Bradford, 6 So. (Ala.) 90; Warner v. Railroad, 94 N. Car. 250; Tel. Co. v. Simmons' Admr., 36 S. W. (Ky.) 171; Searl's Admr. v. Railroad, 9 S. E. (W. Va.) 248; Budd v. Railroad, 37 Atl. (Conn.) 683; Pilkin v. Railroad, 30 Atl. (Conn.) 772; James v. Railroad, 9 So. (Ala.) 335; Southern Pac. Co. v. Wilson, 85 Pac. 401. Third. The damages recoverable under Sec. 5426, R. S. 1909, are general damages, and it is not required of the pleader to plead facts showing how the husband, wife, minor child or minor children, the next of kin, or the estate of the deceased, as the case may be, are damaged. Ellings v. Railroad, 60 Mo. App. 679. Fourth. Sec. 5426, R. S. 1909, imposes an absolute liability upon the person or corporation causing the death of another by wrongful act, neglect or default, and the law presumes that the

husband, wife, minor child or minor children, the next of kin, or the estate of a person losing his or her life on account of the wrongful act, neglect or default of another, as the case may be, suffers damages; and plaintiff was, therefore, entitled to a judgment for nominal damages, at least, if he could have sustained the charges of negligence. Railroad v. Brodie, 40 N. E. (Ill) 942; Rhodes v. Railroad, 81 N. E. (Ill.) 371, II Am. & Eng. Ann. Cases 3; Howard v. Canal Co., 40 Fed. 195, 6 L. R. A. 75; Railroad v. Weber, 6 Pac. (Kan.) 877; Fordyce v. McCants, 4 L. R. A. (Ark.) 296; Railroad v. Ryan, 64 Pac. (Kan.) 603; Anderson v. Railroad, 52 N. W. (Neb.) 840; 4 Southerland on Damages (3 Ed.), sec. 1264; Coal Co. v. Limb, 28 Pac. (Kan.) 181. Fifth. The damages recoverable under Sec. 5426. R. S. 1909, in an action prosecuted by the executor or administrator, are for the benefit of the estate of the deceased, to be administered as other personal estate; and, in such an action, the measure of damages is what the deceased would have saved to his estate, if he had lived. Electric Co. v. Bowder, 45 So. 755, 15 L. R. A. (N. S.) 451; Railroad v. Sullivan, 120 Fed. 799, 57 C. C. A. 167; Coal, Coke & Iron Co. v. Enslen, 30 So. (Ala.) 603; In re Meeking, 164 N. Y. 145, 51 L. R. A. 235; Railroad v. Spencer, 51 L. R. A. (Col.) 121; Southern Pac. Co. v. Wilson, 85 Pac. (Ariz.) 401. (2) When the law presumes a fact, it should not be pleaded. Bliss on Code Pleading (2 Ed.), sec. 175. Facts which are implied or presumed to exist, from facts stated, need not be pleaded. Duff v. Fire Association, 129 Mo. 460; McIntosh v. Rankin, 134 Mo. 340. (3) It is generally presumed that a person dying left heirs capable of succeeding to his estate, unless the contrary appears. 14 Cyc. 99, d, and cases cited; 22 Am. & Eng. Ency. Law (2 Ed.), p. 1291, and cases cited; Daudt v. Music, 9 Mo. App. 169; In re Taylor, 20 N. Y. Supp. 960; In re Clark, 116 N. Y. Supp. 101. (4) The presumption that a person dying

intestate has left heirs capable of succeeding to his estate can be repelled only by proof. Harvey v. Thornton, 14 Ill. 217, cited in 16 Cent. Dig., title Des. & Dis., sec. 233, col. 1609.

*Spencer, Grayston & Spencer* for respondent.

(1)   The attempt to authorize an administrator to sue without providing the beneficiaries for such a suit coupled with the provision that the jury shall give damages with reference to the necessary injury to survivors who are entitled to sue may be void for uncertainty or by reason of the contradictory provisions which render the statute unenforceable as written. The courts are not authorized to rewrite statutes or to supply provisions to remedy the mistakes and omissions of the legislative department of our government. Bank v. Hale, 59 N. Y. 57 and 58; State ex rel. v. Ashbrook, 154 Mo. 393; Kehr v. Columbia, 136 Mo. App. 322.   (2)   There is no presumption of injury to one who is not specifically authorized to sue for the death of another. A petition is not sufficient which does not disclose facts showing how such plaintiff suffered loss by reason of the death. Regan, Admr. v. Railroad, 51 Wis. 599, 8 N. W. 292; Schwartz, Admr., v. Judd, 28 Minn. 371, 10 N. W. 208.   (3)   The injured survivor sues through the administrator as a trustee rather than as an administrator. Hegberg v. Railroad Co., 164 Mo. App. 514, 147 S. W. 192.   (4)   The use of the word ''surviving'' in section 5427 to qualify ''parties who may be entitled to sue,'' is inconsistent with the idea that a cause of action is given to the general estate of the deceased. A recovery in behalf of the general estate of deceased would inure to the benefit of creditors. The word ''survivor'' would not include creditors. Koerts v. Grand Lodge, 119 Wis. 520, 97 N. W. 163. (5)   An unbroken line of decisions in this State hold that secs. 5426 and 5427 contemplate only the recovery

of compensation. The statute authorizes the recovery of such "damages" as the jury "may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue." This means the pecuniary injury necessarily resulting from such death. McGowan v. Ore & Steele Co., 109 Mo. 518; Knight v. Co., 75 Mo. App. 541, and cases cited. (6) Where an infant sues for death of father, the loss of father's services as means of support during minority, is the correct measure of damages. McPherson v. Railroad, 97 Mo. 253; Goss v. Railroad, 50 Mo. App. 614; Sipple v. Co., 125 Mo. App. 81. (7) "Necessary injury" resulting to parent from negligent killing of minor child consists in loss of services of child during minority, with medical and funeral expenses. Rains v. Railroad, 71 Mo. 164; Calcaterra v. Iovaldi, 123 Mo. App. 347. (8) Loss of society is not an element of damage. Marshall v. Co., 119 Mo. App. 270, and cases cited; Leahy v. Davis, 121 Mo. 227. (9) Nor is plaintiff's mental anguish or distress for the death. Cases last above cited; Parsons v. Co., 94 Mo. 286; Goss v. Ry., 50 Mo. App. 614; Barth v. Ry., 142 Mo. 535; Knight v. Co., 75 Mo. App. at 550. (10) Nor is the physical pain of the deceased. McGowan v. Co., 109 Mo. 531. (11) Sec. 8523, R. S. 1909, provides that in case of death of injured "then damages for such injury or death may be recovered as provided by section 5425." This permits only a recovery for damages, by way of compensation, and not for a penalty. The reference only means that the parties therein designated may sue for and recover damages for such injury or death. In other words the act, by reference only, adopts the designation of the parties, who may sue. It does not adopt the penalty provision, and of course does not adopt the scheme of distribution of the money when recovered by an administrator. Nicholas v. Kelley, 159 Mo. App. 20. (12) The action is statutory and

the person suing must bring himself within the statutory requirements necessary to confer the right of action, and this must appear in the petition; otherwise, it will show no cause of action. Barker v. Railroad, 91 Mo. 86; McIntosh v. Mo., 103 Mo. 131. (13) If in a suit by an administrator under section 5427, the recovery can only be by way of compensation for the pecuniary injury necessarily resulting from the death, then facts must be pleaded showing the existence of some person who sustained such injury and is entitled to be compensated therefor. The administrator, as such, does not occupy this position.

FARRINGTON, J.—This action was instituted in the circuit court of Jasper county by John Q. Johnson, the administrator of the estate of Arthur Johnson, deceased, for damages for the alleged negligent killing of the deceased while in defendant's employ. Deceased at the time of his death was over the age of twenty-one years, and left no wife, minor child or minor children, natural born or adopted, surviving him. The petition charges that deceased lost his life by reason of the negligent failure of the defendant to furnish him a reasonably safe place in which to do his work. The suit was brought under sections 5426 and 5427, Revised Statutes 1909. The defendant demurred to the petition for the reason that it failed to state facts sufficient to constitute a cause of action in that the administrator failed to allege the name or names of the beneficiaries for whom he sued and for a failure to allege a state of facts from which the measure of damages in an action brought under these sections could be ascertained. The petition merely alleged that plaintiff was the duly appointed administrator, set out the acts of negligence complained of and the death of the deceased resulting therefrom, and alleged that the estate of the deceased had sustained injury, and the prayer was as follows: "*Wherefore,* plain-

tiff says the estate of the deceased has been damaged in the sum of seven thousand dollars, for which judgment is prayed.'' The demurrer to the petition was sustained, and plaintiff electing to stand on his petition has appealed to this court, contending that an administrator suing under sections 5426 and 5427 does so for the benefit of the estate of the deceased and is not required to allege the names of the beneficiaries for whom he sues other than the estate and is not required to allege facts other than the acts of negligence and the death of the deceased nor to show the pecuniary loss for which defendant is called upon to answer in damages except such as would naturally occur to the estate of the deceased.

Whatever may have been the holdings under the damage act, which was originally passed in 1855 in this State, through its various amendments, and which is now embodied in sections 5425, 5426 and 5427, Revised Statutes 1909, the law is well settled at the present time that section 5425 is a remedio-penal statute; penal, so far as the defendant is concerned, to the extent of two thousand dollars, and any additional amount "in the discretion of the jury which may be sued for and recovered" in a case in which punitive or exemplary damages are alleged and proved; and remedial above that amount to the extent of ten thousand dollars. In other words, under section 5425 the defendant is required to pay as a penalty at least two thousand dollars, and, in the discretion of the jury, any greater sum according to the aggravating circumstances, and under this section the plaintiff will be permitted to allege, prove and recover any necessary pecuniary damage occasioned by the wrongful act of the defendant to the extent of the amount named in the statute. The widow of the deceased railroad engineer who died at his post of duty is compelled to sue under section 5425 and should not be confined to a recovery only of the penalty given by the statute, but in addition there-

to should be allowed to recover and be compensated for the same necessary injury or pecuniary loss that the widow who sues under sections 5426 and 5427 is allowed.

The enabling provisions of the statute designating the parties and classes of parties to whom this penal and compensatory amount recovered shall go, are always held to be remedial. [Boyd v. Railroad, 236 Mo. 54, 139 S. W. 561.] The law as announced in the case just cited puts at rest many of the mooted questions under the statutes and addresses itself to the bench and bar of the State as being a sound and sensible solution.

Section 5426 has stood as it is now written since the Damage Act was first enacted in 1855, and section 5427 has been amended only to the extent of changing the amount which *may* be recovered and from time to time adding the classes entitled to sue as they have been added to section 5425. The amount recoverable under sections 5426 and 5427 has always been held to be compensatory damages, and if the two latter sections be read in connection with the whole act no other conclusion can be reached than that they are intended to give only compensatory damages. [See Proctor v. Railroad, 64 Mo. 1. c. 119, 120; Schaub v. Railroad, 106 Mo. 74, 93, 16 S. W. 924; McGowan v. The St. Louis Ore & Steel Co., 109 Mo. 518, 531, 19 S. W. 199; Hegberg, Admr., v. Railroad, 164 Mo. App. 514, 551, 147 S. W. 192; Tetherow v. Railway Co., 98 Mo. 74, 86, 11 S. W. 310; Boyd v. Railroad, 236 Mo. 54, 88, 139 S. W. 561, and cases cited; Behen v. St. Louis T. Co., 186 Mo. 430, 447, 85 S. W. 346; Hartnett v. United Rys. Co., 162 Mo. App. 554, 558, 142 S. W. 750; Honea v. Railway Co., 245 Mo. Sup. 621, 151 S. W. 119, 125 and also page 127.]

The case of Hawkins v. Smith, 242 Mo. 688, 147 S. W. 1042, as well as a long line of decisions therein cited, holds that there is no new cause of action created

in the classes who may bring the suit, but that it is a transmitted right.

In 1905 when the Legislature added the administrator as the fourth class who could sue under section 5425, it failed to amend section 5427, and between 1905 and 1907 the maximum amount recoverable under sections 5426 and 5427 was five thousand dollars and could not be recovered by an administrator. [Crohn v. Telephone Co., 131 Mo. App. 313, 109 S. W. 1068.] Hence section 5427 was amended in 1907 by making the maximum amount ten thousand dollars and designating the parties and the manner as provided in section 5425.

By a strict construction of section 5427 an administrator in his suit, after having eliminated the various classes who could sue before his right would attach, would have no one as a beneficiary because, following, in the same provision, we have the clause, "to the surviving parties who may be entitled to sue," and as the only surviving parties who have been named that were entitled to sue were those named in the first, second, and third clauses, the administrator in order to exclude all classes ahead of him would exclude those for whom he would sue. However, for the purpose of deciding this case and giving the most liberal construction possible, as section 5427 refers by number to section 5425, and as section 5425 allows an administrator to recover for some one, to-wit, those who are entitled to the money according to the laws of descent, and as the enabling acts designating the parties to receive the money are remedial and ought therefore be given a liberal construction, we think the administrator under section 5427 would sue for the same parties as he would maintain his action for under section 5425, namely, where the deceased was an adult, for the father and mother, brothers and sisters, etc. In other words, that by referring to the class who receive under the laws of descents, the Legislature intended that the

father and mother, brothers and sisters, etc., of a deceased adult would be the surviving parties who may be entitled to sue, and that he may maintain the suit for this fourth class under section 5427; and the Legislature meant under section 5427 that if there is a father and mother, brothers and sisters, or any of these, who have suffered a necessary injury—and by necessary injury is meant a pecuniary loss (see Knight v. Lead & Zinc Co., 75 Mo. App. 541, 647, and cases cited) —then the plaintiff as administrator, acting in the capacity of a trustee for the class named, is entitled to bring the suit provided it can be shown that some one or all of this class is entitled to compensation for a pecuniary loss. The courts of this State have uniformly held that sections 5426 and 5427 are in no sense penal, but purely compensatory. For that reason the husband or wife suing under this section must show the pecuniary loss and the damages must be pleaded and proved in order to recover; so, also must the minor child or minor children show a pecuniary loss; and much more so must the father and mother of a minor child or the father and mother or brothers and sisters of an adult show this pecuniary loss because as to the last two classes the presumption of law which attaches to the husband or wife or to the minor children does not obtain. As section 5426 has never been amended, and is what is generally known as the Lord Campbell's Act of our statute, under which the recovery is damages for compensation only, the recent case of Michigan Cent. R. Co. v. Vreeland, 33 Sup. Ct. Rep. 192, 196, in discussing Lord Campbell's Act with reference to the pecuniary loss, is applicable here.

In the opinion of NORTONI, J., in the case of Nicholas v. Kelley, 159 Mo. App. 20, 139 S. W. 248, in discussing the bearing on section 8523, Revised Statutes 1909, of the amendment thereto, viz., "may be recovered as provided by section 5425," it was held that

it would not have the effect of changing section 8523 from a damage section to a penal section; so we hold that the amendment of 1907 by providing that the recovery shall be had by the same parties and in the same manner as in section 5425 would not change section 5427 to a penal section, but would leave it, as it has been from the date of its enactment, a section providing for the recovery of compensatory damages. Under this section it would be necessary, in order for the administrator to maintain an action, to show for whom he brought it and wherein they are entitled to be compensated for the necessary injury—pecuniary loss.

The reasons given by NIXON, P. J., in the case of Hegberg v. Railroad, 164 Mo. App. 514, 147 S. W. 192, in that part of the opinion covered on pages 553 to 559, meet with our entire approval. The opinion in that case is sufficiently clear in its holding that the administrator under our statute sues as the trustee of an express trust for the benefit of the distributees who are named in section 332 of the laws of descents and distribution. If it should be held that the administrator sues for the benefit of the estate, then the measure of damages accruing to the estate would probably be the amount the jury might find that he would have accumulated over and above his living expenses during the time of his expectancy and the recovery would be for such amount. The injustice such a construction would lead to can be readily seen by comparing the amount an administrator would receive with that which a minor child would receive for the death of his father. The minor child can recover only such pecuniary loss as he can show would be sustained from the time of the death of his father to his majority, while should the administrator recover for the estate and should the estate under the law of descents go to a brother or to a deceased brother's child, the brother, or nephew, as the case might be, would receive an amount as compensation not limited to

probably a few years as in the case of a minor child of the deceased, but probably to a long term of years, to-wit, to the end of the expectancy of the deceased. Again, the brother or nephew through the statute would recover all the net earnings of the deceased, whereas the minor child of the deceased could recover only that part of the earnings which he could reasonably expect to receive the benefit of. We cannot believe the Legislature intended to make so liberal a distribution in favor of the collateral kindred under the fourth clause of the statute, when under the other clauses the recipient of the fund is limited strictly to his necessary and pecuniary loss. Besides, if any force is given to the expression in section 5427—"to the surviving parties who may be entitled to sue"— neither an estate nor an administrator can be held to be a surviving party entitled to sue; and the most liberal construction that can be given to section 5427, carrying with it the fourth clause, is to hold that if there is any one or more within the class as designated in section 332, who have suffered necessary pecuniary injury and loss by reason of the wrongful death, then the administrator may maintain such action as a trustee for them, and in order to do so it seems imperative on him to designate the parties who have survived the deceased, and their relationship to the deceased, and facts showing the pecuniary loss they may have sustained for which the defendant must answer in compensatory damages.

The statutes and decisions of courts of other States cited by counsel have been examined, and while probably all the statutes are based on Lord Campbell's Act, there are none exactly like the Missouri statute—certainly none where the classes have been added and the amendments made as in this state. It is true, the Florida statute was held by a majority of the Supreme Court of that State to permit an adminis-

trator to sue for the benefit of the estate, but the statute provides for an injured party and not an injured surviving party, and the classes who must bring the suit if living in preference to the administrator of the deceased include not only those specifically named in *our* statute, but all dependents as well, and by exhausting all of the next of kin and all dependents, the court held that under their statute the administrator could sue for the benefit of the estate. There seems to be a vast difference between a case presented by an administrator under the Florida statute and one presented by an administrator under our own statute. To hold that the executor or administrator would recover for the benefit of the estate, which recovery he would take into the probate court and distribute under the orders of that court, seems to us to be in direct conflict with the wording of the statute. If this construction should be placed upon it, the next of kin would take subject to the costs of the probate proceedings and subject to the claims of creditors against the estate of the deceased. The statute expressly says that the amount recovered by the administrator shall be distributed according to the laws of descents—not according to the laws regulating the administration of the estates of deceased persons. The administrator or executor in this case is by the statute made the trustee of an express trust, as much so as an executor named in a will is a trustee of an express trust of a fund to be handled by him long after the administration of the will is closed in the probate court; and he is no more answerable for the management and distribution of the fund recovered under the statute to the probate court than an executor named as a trustee of an express trust in a will is answerable, so far as that trust is concerned, to the probate court.

The question as to the amount each of the beneficiaries would receive on a recovery is not before us, and as to how it would be divided we will not decide

until such question is presented to us. It will be noted that as to the second class named in section 5425 there is a failure to provide how the money recovered shall be divided among the minor children, when necessarily, according to their respective ages, some would be entitled to receive more of the recovery than others, yet the courts have permitted judgments to stand without going into the question concerning the proper distribution of the fund between the children. In the case of McGowan v. The St. Louis Ore & Steel Co., 109 Mo. 518, 19 S. W. 199, a recovery of five thousand dollars was allowed to stand where the suit was brought for four minor children ranging in age from five to sixteen years.

For the reasons herein appearing, we think the action of the trial court in sustaining the demurrer was proper, and the judgment is therefore affirmed. *Sturgis, J.,* concurs. *Robertson, P. J.,* dissents.


## SEPARATE CONCURRING OPINION.

STURGIS, J.—After much consideration, though contrary to my first impressions, I am constrained to concur in the essential features and the result reached in the opinion of FARRINGTON, J., in this case.

It seems to me that the whole question involved here turns on the narrower question of the measure of damages to be applied in cases originating under sections 5426 and 5427, Revised Statutes 1909, of the Damage Act as the same now stands.

At common law and in the absence of a statute the cause of action on the one hand and liability on the other growing out of personal injuries inflicted upon one person by the wrongful act or neglect of another died with the death of the injured party. The sole purpose of section 5426 is to keep alive and transmit, without saying in whom or to whom, the defendant's

liability to an action for damages growing out of the injury inflicted by such wrongful act or neglect, notwithstanding the same caused or resulted in the death of the injured party. This section of our statute has never been changed or amended since its enactment in 1855. Section 5427 provides for and designates the persons to whom and for whose benefit the liability is perpetrated and transmitted, and who may recover for the same, by reference to a previous section of the statute on the same subject; also the measure of damages (somewhat indefinite to be sure) and the maximum amount to be recovered in any such case. This section has never been amended, except as to the maximum amount and to keep that section in harmony with the section referred to as to the persons who could sue on the transmitted cause of action. It has never been changed or amended as to the measure of damages.

While the cases generally say, speaking from the standpoint of the beneficiary or plaintiff, that the cause of action is transmitted and kept alive (Hennessy v. Brewing Co., 145 Mo. 104, 112, 46 S. W. 966; Gray v. McDonald, 104 Mo. 303, 311, 16 S. W. 398; Strottman v. Railroad, 211 Mo. 227, 255, 109 S. W. 769; Hawkins v. Smith, 242 Mo. 688, 147 S. W. 1042), the statute, section 5426, speaking from the standpoint of the wrongdoer or defendant, makes the *liability* continue notwithstanding the death of the person injured. It is, however, the bare liability that is preserved and transmitted—the mere right to sue. The elements of injury—the measure of damages—are not transmitted. [McGowan v. Ore & Steel Co., 109 Mo. 518, 531, 19 S. W. 199; Marshall v. Jack Mines Co., 119 Mo. App. 270, 95 S. W. 972; Leahy v. Davis, 121 Mo. 227, 25 S. W. 941; Parsons v. Railway Co., 94 Mo. 286, 6 S. W. 464; Barth v. Railway Co., 142 Mo. 535, 44 S. W. 778; Knight v. Lead & Zinc Co., 75 Mo. App. 541, 550.]

The measure of damages on the transmitted lia-
bility is prescribed by section 5427, and is: "such dam-
ages, not exceeding ten thousand dollars, as they (the
jury) may deem fair and just, with reference to the
necessary injury resulting from such death, to the
surviving parties who may be entitled to sue, and also
having regard to the mitigating and aggravating cir-
cumstances attending such wrongful act, neglect or de-
fault."

In the absence of that degree of culpability on the
part of defendant warranting punitive or exemplary
damages, which is held to be included in and war-
ranted by the last clause of the section, "having re-
gard to the mitigating and aggravating circumstances,
etc." (Boyd v. Railroad, 236 Mo. 54, 93, 139 S. W.
561), the damages to be recovered under this section
has always been held to be compensatory only—the pe-
cuniary injury necessarily resulting from such death.
[McGowan v. Ore & Steel Co., 109 Mo. 518, 19 S. W.
199; Knight v. Lead & Zinc Co., 75 Mo. App. 541; and
the long line of cases cited by FARRINGTON, J.]

The damages are not only limited to such as are
pecuniary and necessarily resulting from the death
but to such as result to the particular person or class
of persons who survive and are authorized to sue.
Such is the language of the statute. [McPherson v.
Railway, 97 Mo. 253, 10 S. W. 846; Sipple v. Gas-
light Co., 125 Mo. App. 81, 102 S. W. 608; Rains v.
Railway, 71 Mo. 164; Calcaterra v. Iovaldi, 123 Mo.
App. 347, 100 S. W. 675.]

The difficulty in the construction of this statute
arises from the fact that the Legislature first amended
the preceding penal section 5425 by the addition of a
fourth party (administrator or executor) who, in the
absence of the particular designated parties who could
sue in their own right, could maintain an action in a
representative capacity for the benefit of whoever
might take the fund recovered according to the statute

of descent. [Hegberg v. Railroad, 164 Mo. App. 514, 553, 147 S. W. 192.] The amendment, being primarily designed for section 5425, a penal section, fits nicely into the context of that section and makes a harmonious whole, but being loosely incorporated into section 5427 by mere reference to "the same parties and in the same manner as provided by section 5425," the language is a misfit and confusing. It is, however, hardly necessary to determine in this case whether the administrator or executor suing under section 5427 does so for the benefit of the same parties designated in section 5425, that is, those taking the fund recovered according to the statute of descent; but it seems plain that whoever such beneficiaries may be, this section of the statute and any action thereunder is compensatory only and the damages to be recovered are limited to the pecuniary loss resulting from the death to the persons for whose benefit the suit is being maintained.

It is rightfully held in Nichols v. Kelley, 159 Mo. App. 20, 139 S. W. 248, that the amendment of a purely compensatory section of the statute by a reference to the penal section for the persons who could sue did not change the nature of the action thereunder from one for compensation for loss suffered to one for a penalty. It is still a statute allowing *damages* only and not a penalty. That this section ought to be made penal like the preceding section, 5425, is a matter for the consideration of the legislative department of our State government.

It follows therefore that an action by an administrator under section 5427 is compensatory only and the amount to be recovered, as in Lord Campbell's Act on which it is founded, is measured by the necessary pecuniary loss to the persons for whose use and benefit the action is brought.

It would be competent for the Legislature to prescribe as a measure of damages, with reference to a

suit by the administrator, the damage to the estate
of the deceased, but that would be a new and different
measure than that already prescribed by section 5427
prior to permitting an administrator to sue thereun-
der. This seems to have been done in other States.
[Southern Pacific Co. v. Wilson, 85 Pac. (Ariz.) 401;
In re Meekin, 64 N. Y. 145, 51 L. R. A. 235; McCabe
v. Light Co., 61 Atl. (R. I.) 667.] To do so by con-
struction would be judicial legislation. The Legisla--
ture did not do so and the measure of damages is left
as it has always been. The mere authorization of an
administrator to sue under this section does not work
a change as to the measure of damages in such suits.

The defendant would have a right to controvert
the alleged fact of the relationship to or dependency
on the deceased and also the amount of loss necessarily
sustained by the persons for whose benefit the suit is
brought by the administrator; and a statement show-
ing who these persons are, for whose benefit the suit
is brought, is therefore essential in stating a cause of
action under this section, at least where the plaintiff
is suing for more than nominal damages.

## DISSENTING OPINION.

ROBERTSON, P. J.—Plaintiff brought this ac-
tion in the circuit court alleging that he is the duly
appointed, qualified and acting administrator of the
estate of Arthur Johnson, deceased, and that the said
deceased was at the time of his death above the age of
twenty-one years, and left no wife, minor child or
minor children, natural born or adopted, surviving
him; that the defendant was at all of the times men-
tioned in the petition a Missouri corporation engaged
in mining in Jasper county, Missouri, and that by rea-
son of the negligence of the defendant as therein al-
leged the said Arthur Johnson received injuries of

which he died, and prayed judgment for the sum of $7000.

To this petition the defendant filed its general demurrer and alleged as ground therefor that the petition did not state facts sufficient to constitute a cause of action against the defendant. The demurrer was sustained and plaintiff refused to plead further, whereupon the court rendered judgment in favor of the defendant.

Plaintiff perfected his appeal to this court and it is necessary to construe section 5427, Revised Statutes 1909, with reference to the question as to whether or not a cause of action vests in an administrator thereunder, and if so, then the essentials of the petition based on this section.

As the demurrer is general I shall undertake to confine my consideration of the petition to the objections relied upon by the respondent here as disclosed by the brief filed in its behalf, which are as follows:

"1.    The attempt to authorize an administrator to sue without providing the beneficiaries for such a suit coupled with the provision that the jury shall give damages with reference to the necessary injury to survivors who are entitled to sue may be void for uncertainty or by reason of the contradictory provisions which render the statute unenforceable as written.

"2.    There is no presumption of injury to one who is not specifically authorized to sue for the death of another. A petition is not sufficient which does not disclose facts showing how such plaintiff suffered loss by reason of the death.

"The injured survivor sues through the administrator as a trustee rather than as an administrator.

"The use of the word 'surviving' in section 5427 to qualify 'parties who may be entitled to sue' is inconsistent with the idea that a cause of action is given to the general estate of the deceased.

"A recovery in behalf of the general estate of deceased would inure to the benefit of creditors. The word 'survivor' would not include creditors."

At common law "the death of a human being could not be complained of as an injury." This condition brought forth the adoption in England in 1846 of what is commonly known as "Lord Campbell's Act," under the title of "An act for compensating the families of persons killed by accident." It provided that the action should be brought in the name of the executor or administrator of the deceased and for the wife, husband, parent and child of the deceased, the jury to find and direct the distribution of the recovery. In 1864 there was an amendment of this act authorizing the beneficiaries to bring the action when there was no executor or administrator to sue. It appears that the holding has been under that act that a new cause of action is created, and otherwise it is materially different from our Damage Act.

It has often been stated by the courts of this country that Lord Campbell's Act is the initiative of this class of legislation and the suggestion for all subsequent acts of a similar nature, but however that may be the sections of the Missouri statute, out of which the present sections 5425, 5426 and 5427 evolved, were first adopted in 1855 under the title of "An act for the better security of life, property and character," being sections 2, 3 and 4 (R. S. 1855, pp. 647, 648, 649). Sections 5426 and 5427 are in the exact language of sections 3 and 4 of the original act, except that in section 5427 (originally section 4) the reference to the preceding sections has been changed to conform to the present section numbers, and the amount of recovery allowed has been enlarged from $5000 to $10,000.

Section 2, now section 5425, when first enacted allowed recovery as follows:

"First, by the husband or wife of the deceased; or, Second, if there be no husband or wife, or he or

she fails to sue within six months after such death, then by the minor child or children of the deceased; or, third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or, if either of them be dead, then by the survivor.''

In 1885 (Session Laws 1885, pp. 154, 155) the Legislature amended the second section so as to include legally adopted children. In 1905 (Session Laws 1905, pp. 135, 136, 137) the second section of the act (Section 5425) was amended by adding thereto the fourth subdivision, giving the right of recovery to the administrator or executor of the deceased when the individuals named in the first three subdivisions do not exist, and providing that ''the amount recovered shall be distributed according to the laws of descent.'' No change was made at that time in the fourth section of the act, now section 5427, and it was thereafter held, in the case of Crohn v. Kansas City Home Telephone Co., 131 Mo. App. 313, 109 S. W. 1068, that as it referred to the old section as it read before the amendment of 1905 no suit could be maintained thereunder by the administrator. The Legislature in 1907 reenacted the fourth section with appropriate reference to the second section, thereby connecting them as they now stand.

That an action based on these provisions of our statute is not a new cause but a transmitted one appears to be settled in this State. [Proctor v. Hannibal & St. Joe R. R. Co., 64 Mo. 112, 121; White v. Maxcy, 64 Mo. 552, 558; Gray v. McDonald, 104 Mo. 303, 311, 16 S. W. 398; Hennessy v. Bavarian Brewing Co., 145 Mo. 104, 112, 46 S. W. 966; Strottman v. Railroad, 211 Mo. 227, 255, 109 S. W. 769.]

It will be observed that section 5427 provides that the damages accruing under section 5426 ''shall be sued for and recovered by the same parties and in the same manner as provided in section 5425'' and that

the damages shall be ascertained "with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue," so that it becomes necessary to consider section 5425 with reference to who are the surviving parties designated therein as being entitled to maintain the suit. It will be seen that there are four classes, three of which are the immediate dependent relatives of the deceased and the fourth is the administrator or executor in the event of the absence of the three previously mentioned classes. Looking at the sections from this position the question first arises as to whether or not an administrator or an executor is a "surviving party" within the meaning of that term as used in section 5427, and in this connection it is observed that the expression "to the surviving parties" is not unqualified nor to be taken in the ordinary and usually accepted application of that expression but it is modified by the words "who may be entitled to sue." Thus demonstrating, I think, that when administrators and executors were designated as parties who were entitled to sue that then they were within the meaning of section 5427 "surviving parties" as they are, under section 5425, entitled to sue.

If statutes can be consistently reconciled such construction must be adhered to as will give vitality to every portion thereof and such as will not destroy the legislative intent. It must be remembered that after section 5425 had been amended so as to authorize administrators and executors to sue under certain contingencies, and after the Kansas City Court of Appeals had held that the provisions of that section in that respect did not thereby come within the provisions of section 5427, it was amended by the Legislature, as above pointed out, with the evident intent and purpose of extending the right theretofore transmitted to certain parties to the executors and administrators if the parties mentioned in the first three pro-

visions of section 5425 did not exist. This construction gives section 5427 a meaning which, in the case now before us, would be equivalent to saying that the administrator or executor, as the representative of the estate of the deceased and the person to whom is transmitted the cause of action deceased would have had if he had survived, should be given such damage, not exceeding $10,000, as the jury might deem fair and just with reference to the necessary injury resulting from such death to the administrator or executor as such representative. The administrator or executor is the legal representative of the estate of the deceased and the damages are not allowed to him personally but to him officially as such administrator or executor. The suit is authorized to be brought by him in his official capacity as a representative of the estate and the damages accrue to him by reason of the statute and the position he holds. The laws governing the administration of estates make it his right and duty to reduce to his possession the personal property and assets of the decedent's estate, including in this instance the value of the right of action transmitted to him by virtue of the statute. [Jacksonville El. Co. v. Bowden, 15 L. R. A. (N. S.) 450, 45 So. (Fla.) 755.]

In construing the effect of the amendment which added the word "administrator" to the Damage Act, I think it is important not to overlook the fact that the first three subdivisions of the second section entirely exhaust the legal dependent classes and I think the Legislature intended exactly what it said, in view of the construction of the Supreme Court of this State that the cause of action theretofore created was a transmitted cause, that the cause of action which might have been maintained by the deceased in the event he had lived should be transmitted to the administrator of his estate, and that the administrator should recover damages, as stated in the case of Illinois Central Railroad Co. v. Barron, 72 U. S. 106, taking into con-

sideration all of the circumstances attending the death, the relations between the deceased and his next of kin, the amount of his property, the character of his business and the prospect of increase of wealth likely to accrue to a man of his age with the business and means which he had, and also that there was a probability and the chance of business that the deceased's estate might have decreased rather than have increased, and that consideration should be given to the possibility and also the probability that the deceased might marry and his property descend into another channel.

The majority opinion in this case, in my judgment, partially recognizes the theory for which I contend in the construction of this statute and partially repudiates it. Their opinion holds, as I understand it, that the administrator sues in the nature of a trustee of an express trust, representing certain descendants of the deceased, and limiting, in my opinion, the intent and purpose of the statute, and reading therein that the administrator does not represent the estate of the deceased, as is provided for and contemplated under the general administration act, and segregates and eliminates certain kin of the deceased who, with those they include, have no legal claim directly against the deceased had he survived. The first three subdivisions exhaust the entire class of relatives who have any direct legal claim on a deceased and all others can legally derive a pecuniary benefit from the life of the party, during his life, by reason of some voluntary act on his part, and after his death such parties can establish no legal claim on account of an action transmitted except by virtue of the laws of descent and distribution worked out under the laws of administration.

In the first three subdivisions of section 5425 certain persons are designated who may bring the suit in their own behalf, but when we consider the fourth subdivision we find that the right of action, when the three previous classes are eliminated, vests in the

administrator or executor; and, since under the statute the administrator and executor can only represent the estate of the deceased, that being their sole duty under the administration laws, I think it would result practically in a judicial repeal of the fourth subdivision of that section to construe it as meaning that the action cannot be maintained for the benefit of the estate. The majority opinions hold that under certain possible contingencies a cause of action may be vested in an administrator for the benefit of individuals not named in the second section.

Entertaining the views as above expressed it necessarily follows that I am of the opinion that it is not essential in a cause of action of the character involved here, any more than it is necessary in any action by an administrator for the benefit of the estate, to allege the names of the beneficiaries. I think the petition in this case states a cause of action and that the judgment of the circuit court should be reversed and the cause remanded with directions to set aside its judgment and to overrule the defendant's demurrer.

In my opinion the case of Murphy v. Railroad, 228 Mo. 56, 87, 128 S. W. 481, concedes the construction of this section of our statute to the effect that the cause of action survives to the administrator as the representative of the estate of the deceased under the conditions existing in this case, because the opinion in that case, although an action under the second section of our Damage Act, discusses the question as to whether or not the said section is entirely penal or partially penal and partially compensatory, and Judge LAMM assumes, I think, that the second section contemplates an element of compensation which is transmitted to the administrator, wherein he states that, ''Then the jury had the facts before them from which they could reasonably infer the worth of the man as a citizen,'' which is contrary to the theory on which the majority opinions proceed in the case at bar. The Murphy case was

an action by an administrator and, while it is true in that case the deceased left an adult son surviving, there was no notice taken of that fact and the court in approving the above statement necessarily presupposed that the cause of action vested in the administrator as such and not by reason or by virtue of the survival of any designated relative, and with this also the majority opinion is in conflict.

In the case of Boyd v. Railroad, 236 Mo. 54, 139 S. W. 561, it is said in construing the second section of the Damage Act relative to the introduction of testimony concerning the probable pecuniary loss involved that, "if the victim left no wife, husband or child, the jury, within the limits of that discretion, ought to be permitted to consider the fact that the amount recovered will go to collateral kindred of the deceased who had no claim upon his bounty or support." In that case the Supreme Court was considering the question of pecuniary loss and I take it that the statement of that court is directly in point in this case and is ignored by the opinions of the majority, because it wholly explodes the theory of the majority opinions in this case that the amount which may be recovered is confined exclusively to others than collateral kindred.

I deem the opinions of the majority in this case contrary to the decisions of the Supreme Court in the Murphy and Boyd cases, supra, and request that this case be certified to the Supreme Court.